LOUISA HARRIS

*v.*

DANIEL HARRIS.

[Decided January 12th, 1906.]

1. Costs and counsel fees in divorce cases are not allowed as a matter of right, and awarding them is usually within the discretion of the court.

2. Where a wife files a bill for alimony without being able to prove the facts upon which the jurisdiction of the court must rest, costs and counsel fee will not be allowed her on final hearing.

On bill for alimony.

*Mr. Samuel G. Naar,* for the complainant.

*Mr. Austin H. Swackhamer,* for the defendant.

BERGEN, V. C.

The complainant's bill having been dismissed, after answer, hearing and argument, upon the ground that she failed to make a case which justified her in leaving her husband's house and entitling her to support and maintenance in a home she had set up apart from that which her husband had provided, she now applies to have the costs which she incurred, as well as a counsel fee, decreed to be paid by her husband, as a part of the final decree dismissing her bill of complaint. In support of this

application reputable authorities were cited sustaining the doctrine that even where the misconduct of the wife warrants a decree of divorce against her, still circumstances may exist which would justify the awarding of costs against the husband. Assuming, without conceding, the correctness of this proposition, it would not avail this complainant, for, with the merits of the case against her, there was not disclosed a single circumstance which justified her in leaving her home or warranted her suit for alimony.

Costs and counsel fees in divorce cases are not allowed as a matter of right, and awarding them is usually within the discretion of the court, and I am unable to discover any just cause for the favorable exercise of that discretion in this complainant's behalf.

In addition to the general rule on this subject, we are governed in this state by "An act providing for divorces and for decrees of nullity of marriage, and for alimony and the maintenance of children." *P. L. 1902 p. 502.* Sections 20 and 21 of that act relate to the awarding of suitable support and maintenance to be provided by the husband for his wife, and it is under section 20 that this cause was instituted. It provides that in case a husband shall, without justifiable cause, abandon or separate himself from his wife, and refuse or neglect to maintain and provide for her, this court may decree a suitable maintenance to be paid by the husband for the wife, and empowers the court to enforce such a decree. This section of the act confers upon this court the only jurisdiction it has over cases of this character. *Margarum* v. *Margarum, 57 N. J. Eq. (12 Dick.)* *249.* Section 21 makes it lawful for the chancellor, upon a proper application, to order a bond to be given, with sureties, conditioned to pay such costs as shall or may be awarded by the court to be paid to the defendant. While it has been doubted whether this section is imperative (*Ballentine* v. *Ballentine, 5 N. J. Eq. (1 Halst. Ch.) 519*), and so far as I am able to ascertain has seldom, if ever, been applied, I can see no reason why it may not in many cases be justly invoked, and it certainly discloses a legislative intent to provide the court with power to

decree, in a proper case, the payment of costs by the wife to her husband, and to secure the payment thereof by exacting a bond.

My conclusion is that where a wife files a bill for alimony against her husband without being able to prove the facts upon which the jurisdiction of the court must rest, it is a wise exercise of the discretion with which the court is vested in matters of this kind to decline to punish the husband who is innocent of all wrong by laying upon him the burden of his wife's unsuccessful contest. Frivolous suits of this character ought not to be encouraged, as they would be if a dissatisfied wife, without just cause, can come into this court with an unfounded complaint against her husband and compel him, not only to employ counsel and pay the costs of his defence, but also be subjected to the expenses she may incur in exhibiting her malicious disposition. This application must be denied.