MARGARET SUYDAM

*v.*

MARCUS L. W. SUYDAM.

[Decided August 25th, 1911.]

1. If a husband be guilty of conduct amounting to a matrimonial offence that would constitute ground for divorce or alimony, his wife is justified in leaving him, and the desertion thereby becomes his.

2. If a wife leaves her husband because of his adultery, even if it be committed elsewhere than at their dwelling, the separation thus created is constructive desertion by him for the purpose of enabling her to compel him to support her; that is, it amounts to the abandonment or separation (whatever the difference) by him from her without justifiable cause, within the meaning of section 20 of the Divorce act.

3. In divorce cases the wife is a privileged suitor, and, as a general rule, is entitled to alimony and counsel fee *pendente lite* whether she be complainant or defendant. If, however, she has sufficient property of her own, no allowance will be made.

4. There is some distinction, however, accordingly as the wife complains or is complained against. When she is complainant and no sufficient case is made by her bill and affidavits, alimony and counsel fee *pendente lite* will be denied; but, when she is defendant, she is entitled to preliminary allowances, if she denies under oath the matrimonial offence charged against her, and is without means for her support and for defending her husband's suit. Even when she is defendant, it may be that she is disentitled if her denial is not made in good faith; but, as to this, *quære.*

5. The rule is different in case for alimony disassociated from divorce *a vinculo matrimonii.* On motion for preliminary relief in maintenance suits, the court looks into the merits of the application as disclosed by the pleadings and affidavits, and is thereby guided in the exercise of its discretion. And, when the *bona fides* of a wife's application is questionable, such relief will be denied.

6. As well in cases for divorce *a mensa et thora* as in those for alimony pure and simple, where the wife has in fact left the husband on account of his alleged derelict conduct, her application for alimony and counsel fee *pendente lite* will be scrutinized and decided upon the weight of the testimony then presented, and the rules of law applicable thereto, just as other litigated motions are decided, even though she be a favored suitor.

7. Because a husband denies under oath the charges against him, it does not necessarily follow that alimony *pendente lite* will be refused. Nevertheless, where his sworn denial is abundantly corroborated, and the case made by the pleadings and affidavits on the preliminary motion is with him by the application of the usual rule concerning the burden of proof, the defendant should not be visited with any interlocutory order for allowances, where it appears that the wife has left him either because of his alleged extreme cruelty or adultery; because a wife who leaves her husband does so at her peril, and assumes the burden of making the desertion constructively his by establishing his guilt by clear and satisfactory proof, and this is so on application for temporary alimony and counsel fee as well as on final hearing.

On bill, &c. On petition for alimony *pendente lite.*

*Mr. William N. Cooper,* for the petitioner.

*Mr. Scott Scammell,* for the defendant.

WALKER, V. C.

The bill in this case was filed for alimony under the Divorce act. *P. L. 1907 p. 474 § 26.* It does not allege that the defendant without any justifiable cause abandoned his wife, the petitioner, or separated himself from her, but alleges that by reason of the committing of an act of adultery by him, she was compelled to leave him, which she did June 7th, 1911, and since that time he has refused and neglected to maintain and provide for her. The adultery is said to have been committed at a place away from the matrimonial domicile.

If a husband be guilty of conduct which will justify his wife in leaving him, which must be conduct amounting to a matrimonial offence that would constitute ground for divorce or alimony, she is justified in abandoning him, and the desertion thereby becomes his. *Moores* v. *Moores, 16 N. J. Eq. (1 C. E. Gr.) 275, 280; Weigand* v. *Weigand, 41 N. J. Eq. (14 Stew.) 202, 209; Dummer* v. *Dummer, 41 Atl. Rep. 149.*

It is true that it has been held that a wife cannot maintain a suit for divorce against her husband as for a desertion by him when she has left him because of his adultery committed elsewhere than in their own abode. *Stiles* v. *Stiles, 52 N. J. Eq. (7*

*Dick.) 446; Lake v. Lake, 65 N. J. Eq. (20 Dick.) 544.* Vice-Chancellor Reed, in *Lake* v. *Lake,* said that an adulterous act committed by a husband at a place other than the dwelling of the parties might justify a wife in separating from her husband, while Vice-Chancellor Pitney, in *Stiles* v. *Stiles,* said that the petitioner was entirely justified in leaving her husband because of such an adultery. These cases (*Stiles* v. *Stiles* and *Lake* v. *Lake*) only establish the doctrine that a wife may not sue for and obtain a divorce for her husband's desertion, when forsooth she has left him because he is guilty of the matrimonial offence of adultery committed away from their dwelling. Proof of adultery is not proof of statutory desertion. *Tracey* v. *Tracey, 43 Atl. Rep. 713.*

The rule is that if a wife discovers her husband's adultery she must separate herself from him if she would sue for divorce, unless there are imperative reasons for her to continue to cohabit with him. *Stevens* v. *Stevens, 14 N. J. Eq. (1 McCart.) 374; Marsh* v. *Marsh, Ibid. 315; Chapman* v. *Chapman, 25 N. J. Eq. (10 C. E. Gr.) 394.* And during such separation his liability to support her continues. See *Streitwolf* v. *Streitwolf, 58 N. J. Eq. (13 Dick.) 570, 574.*

Under our statute desertion is justified when the deserting party has been so offended against as to authorize at his or her instance a decree for divorce or judicial separation, but only when the guilt of the offending party is shown by clear and satisfactory proof. *Drayton* v. *Drayton, 54 N. J. Eq. (9 Dick.) 298, 301.*

If a wife leaves her husband because of his adultery committed elsewhere than at their dwelling (while the separation thus created is not constructive desertion on his part so as to enable her to procure a divorce from him for that cause), it is constructive desertion of her by him for the purpose of enabling her to compel him to support her; in other words, it amounts to the abandonment or separation (whatever the difference) by him from her without justifiable cause, within the meaning of section 26 of the Divorce act.

In divorce cases the wife is a privileged suitor, and, as a general rule, is entitled to alimony and counsel fee *pendente lite,* whether she be complainant or defendant. If, however, she has sufficient

property of her own no allowance will be made. *Marker* v. *Marker*, 11 *N. J. Eq.* (*3 Stock.*) *256; Westerfield* v. *Westerfield,* *36 N. J. Eq.* (*9 Stew.*) *195.* There is some distinction, however, accordingly as the wife complains or is complained against. Chancellor Pennington, in 1842, in the case of *Amos* v. *Amos, 4* *N. J. Eq.* (*3 Gr. Ch.*) *171, 172,* held that when the wife is complained against she has not as just ground for an allowance as when she is complainant. But Chancellor Runyon, in 1881, in the case of *Johnson* v. *Johnson, 4 N. J. L. J. 241,* without distinguishing or noticing *Amos* v. *Amos,* held that on a bill for divorce by the husband, if the wife applied for alimony and counsel fee, she was entitled to them as a matter of course. This is directly opposed to Chancellor Pennington's ruling and obviously is the better opinion. I think it is universally conceded that where the husband sues the wife for divorce she is entitled to alimony and counsel fee *pendente lite,* if she denies under oath the matrimonial offence charged against her and is without means for her support or for defending her husband's suit. Although it may be she is disentitled if her denial is not made in good faith but is merely sham and for the purpose of protracting the period during which the injured husband may be compelled to support her, but as to this, *quære.* In *Kirrigan* v. *Kirrigan, 15 N. J. Eq.* (*2 McCart.*) *146, 148,* it was held that where it appears that a suit for divorce was not instituted by the wife in good faith, but for the mere purpose of collecting money from her husband or compelling him to support her, alimony *pendente lite* will be denied. See, also, *Glosser* v. *Glosser, infra.* But these were cases in which the wife was complainant.

Where the wife is complainant and no sufficient case is made by her bill, alimony and counsel fee *pendente lite* will be denied. *Ballentine* v. *Ballentine, 5 N. J. Eq.* (*1 Halst.*) *471, 476.* Or where no sufficient case is made by the bill and affidavits. *Martin* v. *Martin, 8 N. J. Eq.* (*4 Halst.*) *563, 569; Doughtery* v. *Doughtery, Ibid. 540.*

In the case at bar, the wife shows herself to be without means, and it appears that the husband is abundantly able to respond. This being the posture of affairs, the wife's prayer for alimony and counsel fee will be granted, unless the facts disentitle her.

Now, the rule is different in cases for alimony disassociated from divorce *a vinculo*. *Vandegrift* v. *Vandegrift, 30 N. J. Eq.* (*3 Stew.*) *76, 77.* In maintenance suits the court looks into the merits of the application as disclosed by the pleadings and affidavits and is thereby guided in the exercise of its discretion. *Ibid. 77; Glasser* v. *Glasser, 28 N. J. Eq.* (*1 Stew.*) *22.* And' when the *bona fides* of a wife's application is questionable, preliminary relief will be denied. *Ibid. 22.*

The legislature appears to have made a distinction between divorce and alimony cases by providing that in the latter a bond may be required of a wife to answer for costs. *P. L. 1907 p. 474* § 27. See *Harris* v. *Harris, 62 Atl. Rep. 703.*

*Cray* v. *Cray, 32 N. J. Eq.* (*5 Stew.*) *25,* was a bill for divorce, but, presenting no ground therefor, it was retained as a bill for maintenance, and the preliminary application for alimony and counsel fee was denied. Chancellor Runyon observed (at *p. 28*) that in these cases the court acts with great care in passing upon such applications, and cited *Glasser* v. *Glasser, ubi supra.* Now, *Glasser* v. *Glasser* was a suit for divorce from bed and board with a prayer for alimony incidental thereto, and because the defendant answered denying every material allegation against him and produced, on the motion for alimony and counsel fee *pendente lite,* numerous affidavits in corroboration of his answer, and the affidavits on the part of the petitioner not being of a character to countervail them, the application for temporary relief was denied. The denial in that case (*Glasser* v. *Glasser*) was rested largely upon *Begbie* v. *Begbie, 7 N. J. Eq.* (*3 Halst.*) *98; Doughtery* v. *Doughtery, 8 N. J. Eq.* (*4 Halst.*) *540,* and *Martin* v. *Martin, Ibid. 563.* *Begbie* v. *Begbie* was a suit for divorce *a mensa et thora.* *Doughtery* v. *Doughtery* was a case for alimony and maintenance, and so was *Martin* v. *Martin.*

The rule deducible from these cases seems to be that as well in cases for divorce *a mensa et thora* as in those for alimony pure and simple, where the wife has in fact left the husband on account of his alleged derelict conduct, her application for alimony and counsel fee *pendente lite* will be scrutinized and decided upon the weight of the testimony then presented and the rules of law applicable thereto, just as other litigated motions are decided, even

though she be a favored suitor. Still I do not think that what Chancellor Green said in *Walling* v. *Walling, 16 N. J. Eq.* (*1 C. E. Gr.*) *389,* that on application for alimony *pendente lite* the case must be taken most strongly against the petitioner and that the burden of proof is upon her, was intended to have been laid down by him as a universal rule applicable alike to all cases of this character, but that it was intended, as a perusal of the case will disclose, to be applicable only to the case then before the court, which was one in which the application for temporary allowance was submitted upon the facts contained in the petition alone, and which were meagre and unsatisfactory.

Because the defendant denies under oath the charge against him, it does not necessarily follow, said Vice-Chancellor Bird, in *Tyrell* v. *Tyrell, 3 Atl. Rep. 266, 267,* that alimony *pendente lite* will be denied; for if that were so such alimony would seldom be ordered in litigated cases.

While the mere denial of the husband under oath of the charge against him will not necessarily, and, it seems to me, ought not, under ordinary circumstances, to relieve him from the payment of preliminary alimony and counsel fee, nevertheless, it seems equally clear, that where his sworn denial is abundantly corroborated, and the case made by the pleadings and affidavits on the preliminary motion is with him by the application of the usual rule concerning the burden of proof, he should not be visited with any interlocutory order for allowances where it appears that the wife has left him either because of his alleged extreme cruelty or adultery; because, a wife who leaves her husband does so at her peril, and assumes the burden of making the desertion constructively his by establishing his guilt by clear and satisfactory proof. See *Drayton* v. *Drayton, ubi supra.* And this must be so on application for temporary alimony and counsel fee under the rule laid down in *Martin* v. *Martin, Doughtery* v. *Doughtery* and *Glasser* v. *Glasser, ubi supra,* as well as on final hearing.

It is not necessary to review or discuss the facts in the case at bar. The proofs before the court on this motion if not more favorable to the defendant than to the petitioner, at least make her case appear extremely doubtful; and to doubt is to deny. It

may be that upon final hearing the petitioner will be able to produce more and stronger proof, and by cross-examination of defendant's witnesses or otherwise, a case may be made which will entitle her to the relief she seeks; but, as the case stands upon the affidavits submitted on this application, I am constrained to the conclusion that the defendant is entitled to prevail. His proofs certainly countervail the petitioner's. Therefore the motion for alimony and counsel fee *pendente lite* will be denied.