IRMA LEIGH EARL

*v.*

BINNEY WOODWARD EARL.

[Decided November 3d, 1911.]

When a wife in a suit for divorce against her husband petitions for alimony and counsel fee *pendente lite* her sworn statement alone in proof of the alleged matrimonial offence is insufficient; for, in order to obtain preliminary relief she must make a *prima facie* case, and as a divorce in this state is never granted upon the uncorroborated testimony of the complaining party, a *prima facie* case is not made by her affidavit unsupported by other evidence.

On application for alimony and counsel fee *pendente lite.*

Mr. *John H. Backes,* for the petitioner.

*Mr. Eckard P. Budd* and *Mr. Joseph H. Gaskill,* for the defendant.

WALKER, V. C.

This is a cause for divorce for alleged adultery on the part of the defendant. After instituting her suit the wife filed a petition for alimony and counsel fee *pendente lite.* On this application the only proof offered of the alleged matrimonial offence was the sworn statement of the wife. She testifies to facts, which, if true, point conclusively to the commission of adultery by the husband. He resists the application for preliminary allowances and denies on oath that he is guilty of the offence laid to his charge.

This is not a case in which the wife is required to preponderate in the proofs on the preliminary application in order to prevail (as in the case of *Suydam* v. *Suydam, 80 Atl. Rep. 1057),* for she sues for divorce *a vinculo* in apparent good faith and is a favored suitor. But, nevertheless, in order to entitle herself to alimony and counsel fee *pendente lite* she must make a *prima facie* case, and the testimony of the injured party alone does not make a *prima facie* case in a suit for divorce. In this state a divorce is never granted upon the uncorroborated testimony of the complaining party. *McShane* v. *McShane, 45 N. J. Eq. (18 Stew.) 341; Hires* v. *Hires, 61 N. J. Eq. (16 Dick.) 491; Garcin* v. *Garcin, 62 N. J. Eq. (17 Dick.) 189.* Therefore, the oath of the petitioner alone is not a sufficient foundation for a decree, nor is it sufficient to entitle the petitioner to preliminary relief, for she must on that application at least show the court that she has such a case as, if proved on final hearing, will entitle her to the relief she seeks. And this, of course, is entirely aside from the defendant's denial.

In *Streitwolf* v. *Streitwolf, 58 N. J. Eq. (13 Dick.) 570,* Judge Adams, speaking for the court of errors and appeals (at p. 574), said:

"A husband is bound to support his wife, though she is separated from him, unless she is in fault. When in apparent good faith she sues him for a divorce or for separation, and sets forth a *prima facie* case, there is no presumption that she is in fault. She is therefore entitled to alimony *pendente lite.*"

The motion for preliminary allowances must be denied; but, under the circumstances, the denial will be without prejudice to the renewal of the application on sufficient proof.