ANNA PINKINSON, complainant-respondent,

*v.*

JACOB PINKINSON, defendant-appellant.

[Submitted November 25th, 1920.   Decided February 28th, 1921.]

1. A wife must show in a suit for alimony under the statute, first,
that her husband has abandoned her, or separated himself from her
without justification, and second, that he has refused or neglected to
maintain and provide for her.

2. In a suit for alimony under the statute, the court will consider in
the disposition of the cause the evidence of the parties as to a cessation
of marital relations, although the evidence is uncorroborated.

---

On appeal from the court of chancery advised by Vice-Chan-
cellor Fielder, and reported in *91 N. J. Eq. 281.*

*Mr. Joseph Kraemer,* for the appellant.

*Mr. Frank E. Bradner,* for the respondent.

The opinion of the court was delivered by

KATZENBACH, J.

This is an appeal from a decree of the court of chancery for
the payment to the complainant-respondent of alimony, under

the statute, by the defendant-appellant. The complainant and defendant were married in June, 1909. One child, a girl of eight years of age, is the issue of the marriage. The serenity of their married life was brief. Within two years differences arose, due, principally, to the presence in the home of the defendant's mother, who assumed the entire domestic management of the household. The presence of the mother-in-law and her domination of the household were the principal elements in causing two separations, which were both terminated at the complainant's request. The last truce was made about May 1st, 1918. The old differences after this reunion were not buried, and the disturbing element, the mother-in-law, still remained a member of the household and in control of the husband's purse. The complainant procured employment as a saleswoman in a department store. She claims this was necessary to obtain money for her clothing and food. The allowance made to her by the defendant during this period was $2 a week. At this time the defendant was in receipt of a weekly salary of $75. About June 1st, 1919, the complainant left the home of the defendant, assigning, as the immediate cause, a ten days' unexplained absence of her husband and the refusal of her husband's mother to provide her with food. About a year prior to the actual separation, according to the defendant's testimony, marital intercourse had ceased. The defendant returned at the time his wife was leaving with the child, but made no overtures for them to remain.

For a wife to prevail in a suit for alimony, it is necessary for her to show, first, that her husband has abandoned her, or separated himself from her without justification, and second, that he has refused or neglected to maintain and provide for her. *Anshutz* v. *Anshutz, 16 N. J. Eq. 162; Weigand* v. *Weigand, 41 N. J. Eq. 202.*

In the present case the evidence is amply sufficient to find, as the vice-chancellor hearing the cause did, that the defendant had neglected suitably to maintain and provide for his wife. She was not receiving in his home proper food. The defendant was giving his wife $2 per week, although in receipt of a weekly salary of $75. A wife whose husband is possessed of this income should not be obliged to work as a saleswoman, or be

obliged to purchase from her earnings the necessaries of life. The more difficult question in the case is whether the defendant has abandoned or separated himself from his wife within the meaning of the statute so as to entitle her to a decree for alimony. The complainant left her husband. It is the duty of the wife to live with her husband at his home and to give him her services and society. From these obligations she is only relieved if she can show that the conduct of her husband has been such "as will reasonably convince the court that her life or health was in danger or her life rendered one of such extreme discomfort and wretchedness as to incapacitate her to discharge the duties of a wife, or that the conduct of the husband, if continued, would have brought about these conditions." *Taylor* v. *Taylor,* *73 N. J. Eq. 748.*

The testimony of the complainant and the defendant is considerably at variance. The defendant admits that about two years after their marriage he found that they were not happily married. He testified at the hearing that he would neither provide a home for his wife or live with her. These admissions, taken in connection with his admission that a year prior to the separation he had ceased to have intercourse with her, and the evidence of the relations existing in the household, to which reference has been made, justified, we think, the complainant in separating from her husband and constitute an abandonment of the complainant by the defendant, within the meaning of the statute.

The evidence of the cessation of marital relations rests upon the uncorroborated testimony of the parties. In a recent case, decided in this court, *Stieglitz* v. *Stieglitz,* at the June term, 1920, and reported in *92 N. J. Eq. 292,* this court held that a divorce on the ground of desertion would not be granted upon the uncorroborated admission or testimony of a party to the suit that no sexual intercourse had been had, where the parties had remained under the same roof and slept in the same bed during the period of the alleged constructive desertion.

In the present case there is no corroboration of the testimony of the parties that prior to the separation they had ceased intercourse. We do not, however, feel that in taking into considera-

tion this evidence we are running counter to the opinion of this court in *Stieglitz* v. *Stieglitz.* In that case the parties sought a dissolution of the marriage relation. The dissolution of the marriage relation is a proceeding which the law does not favor. The present proceeding is not one seeking a dissolution of the marriage relation, but one to uphold an obligation implied by the relation. The cessation of intercourse is but one element or factor to be taken into consideration in reaching a conclusion upon the question involved. We are, therefore, of the opinion that it is proper under such circumstances to consider the testimony of the parties on this subject, although uncorroborated.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—13.

*For reversal*—None.