The bill in this case was filed for maintenance and the support of two children born to complainant and defendant. Defendant filed an answer and counter-claim, praying annulment on the ground that when he married complainant she had a husband living.
The testimony on behalf of defendant includes that of Louis Miller, who said he was the brother of Abraham Miller, whom he declared was the same as Edward Miller, complainant's first husband. He says he saw his brother sometime after 1915, the year of the first marriage. He was extremely vague as to this matter. He could not say precisely when or where he had seen his brother. His evidence is replete with statements that "I can't remember."
He says he recently received a letter from his brother, but that the letter was lost. He also says he recently saw a photograph of his brother, signed and dated, but he was not sure of his brother's signature, and the photograph also is lost.
The only other witness was Mrs. Costa Liuzzo, the former wife of the defendant, and whom she says she divorced in New York. She said she knew complainant's former husband, and either in 1924 or 1925 Miller telephoned her and made an appointment. They met and talked together about ten minutes. She had made an affidavit previously in the cause in which she refers only to the telephone conversation and says nothing of the meeting. She says her affidavit contains her entire story, yet she amplified it on the witness-stand from a telephone conversation with Miller to an actual interview.
This is the testimony upon which this court is asked to set aside a ceremonial marriage which has resulted in the birth of two children.
In Keller v. Linsenmeyer, 101 N.J. Eq. 664, Vice-Chancellor Fallon says (at p. 38): "The burden of proof is on the *Page 531 
petitioner to prove his claim that at the time of his marriage with the defendant she had a lawful husband living. Before the trier of the facts, whether a jury or the court, would be justified in finding for the petitioner, who seeks the annulment of his marriage, the evidence to substantiate his case as alleged must be clear, convincing and satisfactory; and the relief sought by him ought not to be granted unless the evidence in substantiation of his allegations is so cogent and conclusive as to preclude any other result."
This is so, as the learned vice-chancellor points out, first because the dissolution of the marriage relation is a proceeding that the law does not favor, citing Pinkinson v. Pinkinson,92 N.J. Eq. 669, and second, as he further says, "the presumption of continuance of life, if regarded, would make the defendant guilty of a bigamous marriage, stigmatize [if not bastardize] the legitimacy of the child born to petitioner and defendant while living together in a marriage union at least colorably lawful, and make the petitioner himself guilty of adultery, the presumption of the defendant's [and petitioner's] innocence of crime overcomes that of continuance of life * * * even though seven years had not elapsed," citing Tyll v. Keller, 94 N.J. Eq. 426.
The burden of proof is on the defendant and counter-claimant to show in the manner indicated above that complainant had a husband living when he married her.
The question then is purely one of fact, and as Chancellor Walker said, in Riehl v. Riehl, 101 N.J. Eq. 15 (at p. 22):
"The trier of facts is the judge of the credibility of witnesses and does not have to believe a particular witness or witnesses. A witness is not entitled to credit whose testimony is inconsistent with the common principles by which the conduct of mankind is naturally governed."
The witness Miller cannot remember exactly when and where he saw his long lost brother, and he cannot produce the photograph and letter from his brother which he says he saw.
The testimony of Mrs. Costa Liuzzo in court is different from the contents of her previous affidavit in that she amplifies a telephone call into an actual meeting. Moreover, *Page 532 
she says she is his divorced wife and her feeling as to his marriage to another woman would naturally be one of jealousy and enmity.
I shall therefore advise a decree dismissing the counter-claim for annulment, because I feel that the existence of another husband at the time of the marriage has not been proved as required by our courts.