EMILY GERHOLD, complainant-respondent,

*v.*

GEORGE GERHOLD, defendant-appellant.

[Submitted October 30th, 1931. Decided February 1st, 1932.]

On appeal from a decree of the court of chancery advised by Advisory Master Moore, who filed the following opinion:

"This is a suit brought by the wife for maintenance based upon section 26 of the Divorce act.

"The parties were married on the 2d day of September, 1922, and there is no issue of the marriage.

"The parties lived together in the city of Garfield until the year 1929 when the complainant suddenly developed an extreme stage of hereditary syphillis. She became partially paralyzed and substantially blind, and at the time of the trial was in an obviously extreme serious condition and completely helpless. There is no dispute as to these facts, nor is any claim made that the complainant was in anywise to blame for her condition.

"The parties lived together fairly happily until her sudden seizure when she went to a hospital for treatment. She

returned from the hospital in the month of December, 1929, when her condition was such that she required constant medical treatment and the attendance of a nurse. The following month complainant returned to the home of her parents, claiming that in her sick condition, she could no longer remain in defendant's home because of his neglect and cruelty towards her. Accordingly, they have not lived together since that date.

"It is admitted that the defendant had made no substantial contribution to the support of the complainant since she returned to her parents' home.

"To sustain her cause of action since she separated herself from the defendant and left his home she must show that she had justifiable cause for leaving him, so as to make her leaving abandonment by him as a matter of law.

"Complainant's testimony is to the effect that while she was in a helpless condition because of her disease, defendant failed to provide a habitable place for her in that he failed to keep the place where she lay sick habitably heated; that he permitted a dog, kept on the premises, to annoy her, and that he seriously affected her health by calling her vile names in the presence of others, referring to her disease, and in general showed a callous and brutal indifference to her. She also testified that defendant tried to choke her and that he struck her on the jaw and failed to properly provide food for her. There is also testimony to the effect that Dr. Drews ordered the removal of the complainant to the home of the complainant's mother.

"The defendant denies all these charges made against him. He testified further that after she returned to her parents' home he made repeated efforts to induce her to return to him. I am not at all impressed with the testimony of the defendant and I do not believe that he in good faith made sincere efforts to secure her return such as are required by the law of this state. *McKee* v. *McKee, 107 N. J. Eq. 1.*

"The demeanor of the defendant on the trial showed a far from friendly spirit towards complainant, and at the trial he testified at that time he did not wish her back. He

did not write her or telephone her, nor have anyone intercede for him with her to secure her return and there is no corroboration showing testimony as to the personal requests he says he made.

"The complainant was in an obviously desperate physical condition at the time of the trial and her testimony reflected this condition in that it was more or less disjointed, or either contradictory of itself. However, the substance of her testimony as to the acts of cruelty and the necessity for her leaving her husband in my opinion made out a sufficient case and was entitled to full credence. There was sufficient corroboration of her testimony on the material points.

"A nurse who attended her in her husband's home just before she left testified that defendant kept the house so cold that complainant was compelled to stay in bed until noon, and accordingly it was not a fit place for a person in the physical condition of the complainant. The nurse further testified that the doctor said she must go to a warmer place and that defendant, on being informed of this, said he had no objection if the wife got better. By going to her parents' home complainant could secure comfortable quarters and the constant care and attention of her mother. In my opinion she was justified in going.

"This being a maintenance action, and not an action for divorce, corroboration of the complainant's testimony is not necessary and the relief can be granted on the testimony of complainant alone if there be credible and satisfactory testimony. *Shore* v. *Shore, 96 N. J. Eq. 651.*

"In my opinion complainant has sustained the material allegations of the complaint and is entitled to the relief prayed for. Accordingly, I shall advise a decree for separate maintenance and direct the defendant to pay complainant the sum of $10 a week for her support and maintenance.

"Submit proposed decree upon notice or consent."

*Messrs. Roegner & Levy,* for the appellant.

*Messrs. Feder & Rinzler,* for the respondent.

Per Curiam.

The decree appealed from will be affirmed for the reasons expressed in the opinion of Advisory Master Moore.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Daly, Donges, Van Buskirk, Kays, Hetfield, Dear, Wells, Kerney, JJ.   15.

*For reversal*—None.