GERTRUDE T. McDONALD, complainant-respondent,

*v.*

HENRY J. McDONALD, defendant-appellant.

[Argued October 29th, 1931. Decided May 16th, 1932.]

*Mr. Ward Kremer,* for the appellant.

*Mr. Alfred A. Stein,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

This is an appeal from a decree advised by an advisory master, decreeing that the appellant, without justifiable cause, abandoned the respondent and refused and neglected to provide for her and that the appellant pay to the respondent the sum of $150 per week for her support.

The first ground for reversal is that the separation of the respondent from the appellant was not justified by his conduct.

But we conclude that the proofs abundantly support the finding of the advisory master to the contrary.

The parties were married April 13th, 1926. At that time the respondent was a widow with three children. The appellant's parents, particularly his mother, disapproved of the marriage. After their marriage, the parties, for a time, lived at 10 Whitehall, Deal, and later, with the appellant's parents, at 70 Esplanade, Deal. In January, 1929, appellant's parents went to Florida, he following them sometime later, his wife remaining at Deal because of the illness of her daughter. Appellant's father died in Florida in March, 1929. At or about this time respondent's husband expressed himself as having a change of feeling toward her, and his mother said that she had lost a husband but gained a son. In October, 1929, the parties removed from Deal to an apartment house owned by appellant, in Red Bank, where they occupied separate apartments, the respondent and appellant occupying one suite and his mother another, but their dinners were taken in appellant's mother's apartment. The conditions there, the domination of appellant's mother over him and his mother's treatment of the respondent made her life a very unhappy one.

About Thanksgiving of 1929 appellant and his mother determined to go to Pinehurst and on reaching Grand Central station, appellant telephoned a brother of respondent that he should look after the interests of his sister, because he, the appellant, having been obliged to choose between his wife and his mother, had chosen the latter and that he was through with his wife.

Thereafter there were several attempts at reconciliation, and, notwithstanding the previous conditions and happenings already referred to, the respondent, on one or more occasions went back to her husband.

All of these efforts were upon the condition that appellant's mother should live with them.

These returns were of short duration, the respondent quickly finding that the attitude of her husband and mother-in-law toward her had not improved.

Finally, and after the present suit was commenced, another reconciliation was all but consummated, and undoubtedly would have been, but for the fact that appellant charged his wife with undue and improper intimacy with another man.

Throughout a long period of time the attitude and acts of appellant's mother toward his wife amply demonstrated not only an apparent, but studied, effort to bring about an estrangement and separation between the husband and wife and to make the life of respondent unbearable. With it all it is most apparent throughout the proofs that appellant was completely dominated and controlled by his mother.

This attitude and purpose of respondent's mother-in-law is completely demonstrated by the latter's testimony upon the hearing of this cause when she narrated that her son had told her that the respondent had attempted to persuade him to have sexual intercourse with her before their marriage.

2. The second ground urged for reversal is that the appellant made repeated and *bona fide* overtures to the respondent to return to him.

The proofs, a brief narration of which has been given under the first ground for reversal, do not bear out this contention.

3. The final ground is that the award for maintenance of $150 per week is excessive in view of the present financial ability of the appellant to pay.

The proofs upon this point are voluminous and we find ourselves, after consideration thereof, unwilling to override the conclusion reached by the advisory master.

The decree below is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, DEAR, JJ.   11.

*For reversal*—WELLS, KERNEY, JJ.   2.