ANNA R. SILLART, PETITIONER-APPELLEE, v. STANDARD SCREEN COMPANY, RESPONDENT-APPELLANT.

Argued October 5, 1937—Decided November 4, 1937.

144

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Harold Krieger.*

For the appellee, *Joseph C. Paul.*

The opinion of the court was delivered by

PERSKIE, J. Does the record submitted disclose a fairly debatable question as to whether petitioner was decedent's widow at the time he sustained injuries arising out of and in the course of his employment with respondent and resulting in his death?

The accident in question occurred on November 13th, 1934. As a result thereof decedent died on March 9th, 1935. The petitioner alleges that she is decedent's widow and thus entitled to compensation. The proofs disclose that on May 27th, 1916, she had entered into a ceremonial marriage with a Hans Rekand who disappeared in 1923 and has neither been seen nor heard from since that time. Five years after Rekand's disappearance, in 1928, although the Rekand marriage was not dissolved, the petitioner effected a common law marriage with decedent with whom she, together with one son by Rekand, lived until decedent's death.

The facts have been in litigation in one way or another no less than six times. Originally the deputy commissioner in the bureau dismissed the petition. The Court of Common Pleas entered an order remanding the cause; reversing the judgment of the bureau; and granting respondent leave to take testimony concerning the whereabouts of petitioner's first husband, Rekand. Respondent then sought to review this order by means of a writ of *certiorari.* The chief justice, before whom the parties appeared, dismissed the application for the writ on the ground that there was as yet no formal judgment to be reviewed. Thereafter, respondent appeared before the bureau, and apparently in accordance with the leave granted in the order of the Pleas, offered in evidence a copy of the certificate of marriage between the petitioner and Rekand. Respondent then rested. The bureau granted com-

pensation to the petitioner and that award as made was affirmed by the Pleas. Application was then again made to the chief justice for a writ of *certiorari* to review the determination and order of the Pleas. On June 30th, 1937, this application was denied. The matter is now before us and we are to determine whether, on March 9th, 1935, the date of decedent's death, petitioner was his widow and thus entitled to compensation.

The crux of respondent's argument which runs through each of the grounds assigned for the granting of the writ is that since petitioner had a child living at the commencement of her cohabitation with decedent, the latter must have known of the prior marriage; and since petitioner herself knew of no divorce proceeding having been instituted either by herself or by her first husband, neither of the cohabiting parties had capacity to enter into a valid common law marriage. *Jackson* v. *Jackson*, 94 *N. J. Eq.* 233; 113 *Atl. Rep.* 495; *Collins* v. *Voorhees*, 47 *N. J. Eq.* 555; 22 *Atl. Rep.* 1054; *In re Franchi*, 119 *N. J. Eq.* 457; 182 *Atl. Rep.* 887; *affirmed*, 121 *N. J. Eq.* 47; 187 *Atl. Rep.* 371. Respondent therefore contends that the petitioner has not borne the necessary burden of proof.

We think that this argument is without merit. It is clear that if the parties had capacity to enter into a valid common law marriage, the proofs submitted amply support the finding below that such a marriage was in fact contracted.

That being so, we next consider whether the parties had the necessary capacity to contract the common law marriage. Under the facts exhibited, we are met, on the one hand, with a presumption that at the time of the alleged common law marriage, Rekand, petitioner's first husband, was alive. For, at that time, he had been absent and unaccounted for a period of five years only. 2 *Comp. Stat.* 1709-1910, *p.* 1904, § 1. On the other hand, we are met with a presumption of the validity of the common law marriage arising upon the consummation thereof. *Keller* v. *Linsenmyer*, 101 *N. J. Eq.* 664; 139 *Atl. Rep.* 33; *Di Franco* v. *Di Franco*, 103 *N. J. Eq.* 529; 143 *Atl. Rep.* 805. Thus we are met with two con-

flicting presumptions. Which is to prevail? The presumption supporting the validity of the marriage is one founded upon public policy, and upon innocence of crime, and it is well settled that such presumptions overcome the presumption of the continuation of the life of a person even three or four years absent. *Vreeland* v. *Vreeland,* 78 *N. J. Eq.* 256; 79 *Atl. Rep.* 336; *Tyll* v. *Keller,* 94 *N. J. Eq.* 426; 120 *Atl. Rep.* 6; *Keller* v. *Linsenmyer, supra.* The prevailing presumption is, therefore, that the common law marriage between petitioner and decedent was a valid one. Thus the burden was upon respondent to go forward with the evidence and rebut this presumption. *Tyll* v. *Keller, supra; Keller* v. *Linsenmyer, supra.* This it did not do. There is an utter dearth of proof that Rekand is still alive and, therefore, respondent has not carried the burden that the law places upon it. Since the common law marriage was a valid one, petitioner, *a fortiori,* became decedent's widow upon his death, and is thereby entitled to compensation.

We have carefully examined all of the points argued and are firmly of the opinion that no fairly debatable question is raised.

The application for a writ of *certiorari* is denied, with costs.