Ethel Baker Wiener, complainant-appellant,

*v.*

Joseph Wiener, defendant-respondent.

[Argued May 25th, 1939.   Decided September 22d, 1939.]

*Messrs. Kristeller & Zucker (Mr. Saul J. Zucker,* of counsel), for the appellant.

*Mr. Ward Kremer,* for the respondent.

The opinion of the court was delivered by

Perskie, J.

The narrow question, we feel, that requires decision in this cause, upon the record as submitted, is whether the order of chancery, made and entered upon the advice of the advisory master, denying the wife's application for support and maintenance, *pendente lite,* is proper.   We do not think so.

Appellant, the wife and complainant below, on March 17th, 1939, filed a bill in chancery against respondent, her husband and defendant below, charging him with constructive abandonment and with acts of extreme cruelty, and prayed, among other things, for support and maintenance.   *R. S. 2:50-39.*

On the same day, complainant also filed a petition in the cause, wherein she sought an order of the court requiring her husband to make proper allowances for her support and maintenance, and to pay her counsel fees and legal expenses pending the outcome of the litigation on the bill which she had caused to be filed against her husband. *Cf. Adams* v. *Adams, 125 N. J. Eq. 166* (at *p. 168*) ; *4 Atl. Rep. (2d) 58.*

The allegations of the bill of complaint were made part of the petition. The allegations of the petition were supported by the wife's affidavit, and some of the allegations therein were further supported by affidavits of others. *Cf. Pinkinson* v. *Pinkinson, 92 N. J. Eq. 669, 672; 113 Atl. Rep. 143; Shore* v. *Shore, 96 N. J. Eq. 661, 667; 126 Atl. Rep. 320.*

The bill, petition and affidavits thus submitted disclose substantially the following facts:

Complainant had been married to one Herbert C. Kraft from whom she was divorced in 1935. Two children were born of that marriage who were fifteen and eleven years of age at the time of the commencement of the instant litigation. Under the term of complainant's decree of divorce from Kraft she was awarded custody of both children and Kraft was directed to, and did, support the children.

On October 1st, 1936, some eight months after her divorce from Kraft, complainant married defendant who had also been previously married and divorced and who had one child, nine years of age, when the instant suit was commenced.

Defendant is a physician and as such prescribed for complainant prior to their marriage. He well knew of complainant's prior marital difficulties, of her divorce, and of the fact that her former husband was obliged to and did support her children. According to complainant, defendant agreed that her children would live with them, after their marriage, and become part of their household.

Complainant and defendant cohabited from the date of their marriage until February of 1939. Complainant alleges, *inter alia,* that until that time the children resided with them "and were part of their household," that defendant at all times following his marriage to complainant "acted and

stood," as he had agreed to act and stand, *"in loco parentis"* towards said children until February 21st, 1939, when complainant was compelled to separate herself from defendant because of his extreme cruelty towards her.

The cruelty complained of was substantially that defendant ordered and insisted that complainant remove her children from their home; that defendant told complainant his marriage to her was "the biggest mistake of his life;" that it was a "bad bargain;" that he was "fed up with his marriage;" that he had "no further use" for her; that defendant refused to talk or reason with her; that he gave her what is described as the "silent cure" in order to break her down; that defendant frequently stated he did not care to be seen in public with her; that defendant embarrassed her in public by walking away from her; that he told her that her children were "repulsive" to him and that he referred to them as her "tribe;" that on many occasions he would not come home until two or three o'clock in the morning; and that defendant, since the middle of October, 1938, refused to have marital relations with her.

Defendant's answering affidavit is long and replete with details. Suffice it, for present purposes, if we observe that defendant's denials and explanations, and the corroborating affidavits of others in his behalf, if believed, tend completely to exculpate him from the charges of extreme cruelty. The pith of defendant's position is that he never undertook any obligation to support the children of his wife by her former marriage; that he never assumed control over her children; that he did not stand *"in loco parentis"* towards them; and that as soon as it was made to appear to him that his wife and his child were not getting along and that his wife treated his child improperly, he removed his child from his household and made clear to his wife that she should do the same with her children. Complainant, however, refused to do so.

The learned advisory master dismissed the wife's petition for maintenance and support *pendente lite,* upon the ground that defendant did not stand *"in loco parentis"* to complainant's children; that he was not obliged to support them; and that "since complainant was unjustified in making the resi-

dence of her children in defendant's home the *sine qua non* of her continued cohabitation with her husband, it follows that defendant's refusal to comply with her condition was not an abandonment." The advisory master based his determination upon the rationale of the decisions which hold that a husband and wife are entitled to live with each other apart from the interference of other persons (usually parents of either spouse) whose presence tends to jeopardize the harmony of the marital relationship. He relied upon the following cases: *Fraser* v. *Fraser, 87 N. J. Eq. 633; 101 Atl. Rep. 58; Wright* v. *Wright, 43 Atl. Rep. 447; Gleason* v. *Gleason, 15 N. J. Mis. R. 197, 200; 190 Atl. Rep. 82; affirmed, 121 N. J. Eq. 251; 190 Atl. Rep. 84; Driver* v. *Driver, 28 N. J. Eq. 393; Edwards* v. *Edwards, 69 N. J. Eq. 522; 61 Atl. Rep. 531; Riker* v. *Riker, 110 N. J. Eq. 46; 158 Atl. Rep. 470; Shinn* v. *Shinn, 51 N. J. Eq. 78; 24 Atl. Rep. 1022; Keery* v. *Keery, 32 N. J. L. J. 136; McDonald* v. *McDonald, 110 N. J. Eq. 399; 160 Atl. Rep. 529.*

Notwithstanding the statement by the advisory master that the proofs submitted in support of complainant's claim of constructive abandonment "are far from sufficient," and that counsel for petitioner on oral argument conceded (which argument is claimed to have been misunderstood) that the "petition must stand or fall" upon the averments as to whether the wife was justified under the circumstances in leaving her husband because of his refusal to permit her children by a prior marriage to remain in his household, nevertheless, we think that the relief prayed for in the petition should have been granted totally part from any consideration of whether defendant did or did not stand *"in loco parentis"* to complainant's children.

In light of the proofs submitted by the respective parties, and in further light of the proofs that complainant is destitute of "means to support herself and to prosecute her * * * cause * * *," and that defendant is abundantly able to respond, we are entirely satisfied that complainant established a *prima facie* case, and therefore, the challenged order of the advisory master denying complainant's application for support and maintenance *pendente lite,* is improper. *Cf.*

*Marker* v. *Marker, 11 N. J. Eq. 256; Westerfield* v. *Wester-field, 36 N. J. Eq. 195; Suydam* v. *Suydam, 79 N. J. Eq. 144; 80 Atl. Rep. 1057; Irvine* v. *Irvine, 81 N. J. Eq. 20; 88 Atl. Rep. 377.*

We desire to make clear that we are not to be understood as expressing or even intimating any opinion as to whether defendant did or did not stand *"in loco parentis"* to complainant's children. Such a determination, in our view of the issue presently requiring decision, is not necessary. It can well await determination, if and when properly presented, after final hearing based upon proofs subject to cross-examination.

The order under review is set aside with costs; the cause is remanded to the court below, there to be treated consistently with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.