NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LILLIAN RUTH FOSTER, PETITIONER, v. JARKA COR-
PORATION, RESPONDENT.

Decided November 27, 1942.

For the petitioner, *Nicholas Martini.*

For the respondent, *Schneider & Schneider.*

\*        \*        \*        \*        \*        \*        \*

It appears that the petitioner, on May 1st, 1914, married Clifford Fitzgerald in New Brunswick, New Jersey, and that after living with him for a short time, they separated. The petitioner claims that she has never seen or heard from the said Clifford Fitzgerald since that time. She states that she met Thomas Joseph Foster, the deceased, several years before 1936 and that, although she knew he was married, she lived with him. On July 16th, 1936, the petitioner instituted divorce proceedings against her first husband, Clifford William Fitzgerald, and filed a proof of publication in that suit on July 18th, 1937, but did not proceed any further with the said suit.

It also appears from the evidence that on July 16th, 1936, the deceased, Thomas Foster, instituted divorce proceedings against his wife, Agnes Jones Foster, whom he had married on December 1st, 1919. In other words, the deceased and the petitioner, both married, but not to one another, both instituted divorce proceedings against their respective spouses on the same day and both engaged the services of the same

attorney. The deceased's wife, on June 22d, 1937, filed a counter-claim setting up her husband's adultery with the petitioner. The deceased's petition was dismissed on September 20th, 1937, and a decree *nisi* was granted to Agnes Foster. The final decree was awarded to the said Agnes Foster on December 21st, 1937.

The petitioner states that several days after the deceased was divorced and the final decree entered, she and the deceased entered into a common-law marriage which continued up to the date of his death. Her claim is that she is therefore the widow of the deceased, Thomas Foster, and that she is entitled to compensation from the respondent for that reason.

The petitioner did not continue with her suit for divorce. She alleges that, in accordance with the 1937 Revised Statutes 3:42-1; *N. J. S. A.* 3:42-1, she had a right to presume that her first husband, Clifford Fitzgerald, was dead.

It then becomes incumbent upon the respondent to prove that "he [her first husband, Clifford Fitzgerald] was alive within that time." Of course, the most definite way to prove that Fitzgerald was alive at the time the petitioner entered into an alleged common law marriage with the deceased, Thomas Foster, would be to prove that he was alive at the time of the death of the decedent, Thomas Foster. This the respondent has done.

Respondent applied for and received on July 20th, 1942, an order to take the deposition of one, Clifford William Fitzgerald, in the State of Connecticut, at a time to be arranged by the attorneys for the petitioner and the respondent, the latter having agreed to pay for the transportation expenses of the petitioner and her attorney. The attorney for the petitioner then sent a letter, which is in evidence, to the attorney for the respondent saying that he had "decided not to go to Connecticut to attend deposition to be taken and his client refuses to leave the State for that purpose." Subsequently, an order was applied for and granted to the respondent to take the deposition of Clifford William Fitzgerald at a certain time and place in Connecticut. This deposition is in evidence and shows to the satisfaction of the court that Clifford William Fitzgerald is the person who mar-

ried the petitioner in this case on May 1st, 1914; that he never instituted divorce proceedings against the petitioner; that he was never served in any divorce proceedings; and that, therefore, the petitioner's first husband is now alive and was necessarily alive at the time the petitioner entered into her alleged common law marriage with the deceased, Thomas Joseph Foster. The marriage between Lillian Ruth Foster and Fitzgerald is still valid and legal and subsisting, and therefore the alleged common law marriage between the petitioner and the deceased, Foster, is rendered absolutely void *ab initio*.

The conclusion stated above, based upon the undisputed facts as set forth herein, is stated clearly in many cases cited in the State of New Jersey. The case of *Keller* v. *Luisenmyer*, 101 *N. J. Eq.* 664 (at *p.* 681) ; 139 *Atl. Rep.* 33, holds:

"If the defendant was lawfully married to Frank Luisenmyer prior to her marriage to the petitioner, and said Luisenmyer was alive on May 20th, 1923 (the date when she married the petitioner), and the Luisenmyer marriage subsisted when the defendant and the petitioner were ceremonially married, the latter marriage is, under the provisions of the Divorce Act, void *ab initio*, and no decree of this court is required to declare such result."

Likewise, in the Court of Errors and Appeals case of *Tyll* v. *Keller*, 94 *N. J. Eq.* 426 (at *p.* 429) ; 120 *Atl. Rep.* 6:

"In order to entitle him to a decree of nullification, he was bound to prove not only the former marriage of the respondent to Bozear, but the fact that the latter was alive when he (the appellant) married the respondent and that Bozear and the respondent had not been divorced. * * *"

We do not feel that under the facts presented in our case it is necessary to determine whether or not the facts presented by the petitioner warrant the conclusion that a presumption of the death of the petitioner's first husband did or did not exist. Yet, even assuming that such presumption of death did exist, the verdict of the court must be resolved in favor of the respondent in that, as indicated above, the important uncontradicted facts show that the petitioner's first husband is still alive and still legally married to her and that any

presumption of death that might be presented to the court must necessarily be overcome by the undisputed fact that the one presumed to be dead, that is the petitioner's first husband, is still alive.

All the cases cited in New Jersey bear out this point and further, the very statute upon which this presumption of death is based specifically states that (2 *Comp. Stat., p.* 1904, or *R. S.* 3:42-1; *N. J. S. A.* 3:42-1):

"If a resident or non-resident of this State remains beyond the seas, absents himself from this State or from the place of his last known residence or conceals himself in this State or in the place of his last known residence, for seven years successively, he shall whenever his death comes into question, be presumed to be dead, *unless it is proved he was alive within that time.*"

In other words, the fact that the respondent has undisputedly proved that the first husband of the petitioner is still alive, overcomes completely any presumption of his death. *Sillart* v. *Standard Screen Co.,* 119 *N. J. Eq.* 143; 194 *Atl. Rep.* 787; *Rehder* v. *Rehder,* 13 *N. J. Mis. R.* 310; 178 *Atl. Rep.* 361; *Michaels* v. *Michaels,* 91 *N. J. Eq.* 408; 110 *Atl. Rep.* 573; *Vreeland* v. *Vreeland,* 78 *N. J. Eq.* 256; 79 *Atl. Rep.* 336.

The Workmen's Compensation case of *Dunn* v. *O'Day,* 18 *N. J. Mis. R.* 679 16 *Atl. Rep.* (2d) 195, cites a number of the above cases as authority and although the facts in that case are not on all fours with our case, there are sufficient facts therein to allow but one conclusion in our case, and that is, that the petitioner was always and still is the legal spouse of Clifford Fitzgerald, her first husband, and she cannot therefore be the widow of the late Thomas Joseph Foster and she is therefore not entitled to any benefits under the Workmen's Compensation Act for the death of the said Thomas Joseph Foster.

It is, therefore, * * * ordered that the petition in the above entitled matter be hereby dismissed.

JOHN C. WEGNER,
*Deputy Commissioner.*