NICHOLAS VENERE, petitioner-appellant,

*v.*

MADDAIENA VENERE, defendant-counterclaimant, respondent.

[Submitted October 16th, 1945.   Decided February 13th, 1946.]

*Mr. Dominick F. Pachella,* for the appellant.

*Messrs. DeLorenzo & Garofalo (Mr. William DeLorenzo,* of counsel), for the respondent.

The opinion of the court was delivered by

McGEEHAN, J.

This appeal is from a final decree of the Court of Chancery dismissing the appellant's petition for divorce on the ground of desertion and awarding separate maintenance, counsel fees and costs to the respondent on her counter-claim for separate maintenance.

The husband filed a petition for divorce on the ground of desertion. The wife answered denying the desertion and counter-claimed for maintenance, but charged no matrimonial offense against the husband.

The parties were married November 25th, 1911, and had three children, the last of whom died in August, 1940. It is admitted that they lived together until the wife left the home on August 14th, 1940, immediately following the funeral of the son. The husband's petition charges that the wife deserted him on that day, but her answer denies the desertion and her counter-claim alleges that because of the death of her twenty-one year old son and her subsequent condition resulting from her many years of caring for this sickly boy, the husband and her relatives suggested that she live for a while away from the place where the boy had suffered and died, so that she could regain her health. The husband testified about the circumstances under which his wife left him and of his efforts subsequently to get her to return, and of his paying her money for her support from time to time until November, 1943. He testified further that the son who died in August, 1940, had had an epileptic stroke at the age of three and a half which left him paralyzed on one side, and that the wife had done most of the nursing of this son. The efforts at reconciliation which continued over a period from August, 1940, to November, 1943, according to the husband's testimony, were not corroborated, excepting those made during a period of two months in 1940, for which corroboration of a sort may be found in the testimony of Ann Katherine Frassa.

At the end of the husband's case, the Advisory Master dismissed the husband's petition for divorce, stating: "I will

dismiss on the court's own motion * * *. The desertion was no doubt willful and continued but not obstinate. Overtures were not corroborated * * *. The desertion was willful and continued but it was not obstinate within the meaning of the rule because of the lack of sincere overtures."

Appellant contends that the desertion was obstinate and that there was sufficient corroboration of the overtures on the part of the husband. "To prove obstinacy it must be shown to the satisfaction of the court that the wife deliberately and persistently refused to return to her husband's home upon his sincere solicitation as under the circumstances of the case he ought to make." *Henderson* v. *Henderson, 134 N. J. Eq. 363; Munger* v. *Munger, 130 N. J. Eq. 279.* The Advisory Master who heard the testimony and had the opportunity to observe the witnesses concluded that there was no satisfactory proof of obstinacy, and we concur in this conclusion.

The appellant contends that the counter-claim for separate maintenance was not proved and should have been denied. The jurisdiction of the court to award separate maintenance to the wife is statutory, and the statute *R. S. 2:50-39* provides:

"If a husband, without justifiable cause, shall abandon his wife or separate himself from her and refuse or neglect to maintain and provide for her, the court of chancery may decree and order *suitable* support and maintenance to be paid and provided by the husband for the wife and her children, or any of them, by their marriage, or to be made out of his property and for such time as the nature of the case and circumstances of the parties render suitable and proper in the opinion of the court. * * *"

A decree thereunder must be supported by evidence showing the concurrence of two elements: first, that the husband, without justifiable cause, has abandoned his wife or separated himself from her; and, second, that he has refused or neglected to suitably maintain and provide for her. *Acheson* v. *Acheson, 124 N. J. Eq. 12; Fallon* v. *Fallon, 111 N. J. Eq. 512.* In this case it is admitted that the husband refused to suitably maintain and provide for the wife. The Advisory Master at the end of the husband's case found that "The desertion was no doubt willful and continued but not obsti-

nate. Overtures were not corroborated;" and upon the assumption that such·a finding is tantamount to a finding that the husband, without justifiable cause, had abandoned his wife or separated himself from her, awarded maintenance to the wife. In this the Advisory Master erred.

To support a finding of abandonment or separation by the husband as required by the statute, in a case where the wife leaves the husband, without justifiable cause, the evidence must show (1) that she left him with his consent or acquiescence and that thereafter he did not withdraw such consent or acquiescence by making a *bona fide* effort to effect a reconciliation (see *Weigel* v. *Weigel, 132 N. J. Eq. 33; Richman* v. *Richman, 129 N. J. Eq. 114; Acheson* v. *Acheson, supra*) ; or (2) that there was a *bona fide* effort on her part to effect a reconciliation (*O'Brien* v. *O'Brien, 103 N. J. Eq. 214; affirmed, 105 N. J. Eq. 250; Taylor* v. *Taylor, 73 N. J. Eq. 745*). At the end of the husband's case the evidence did not meet either of these requirements, and therefore the Advisory Master should have permitted the wife to present her case as to the abandonment or separation.

The dismissal of the appellant's petition for divorce is affirmed, and the award of separate maintenance, counsel fees and costs to the respondent on her counter-claim is reversed. The counter-claim is remanded to the Court of Chancery for further proceedings in accordance with this opinion.

On appeal as to counter-claim for separate maintenance—

*For affirmance*—None.

On appeal as to dismissal of appellant's petition for divorce—

*For affirmance*—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Colie, Oliphant, Wells, Rafferty, Dill, Freund, McGeehan, JJ. 14.

*For reversal*—None.