32 N.J. Super. 284 (1954)
108 A.2d 287
AUDREY CANOVA, PLAINTIFF-RESPONDENT,
v.
ROBERT CANOVA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1954.
Decided October 6, 1954.
*285 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. J. Mortimer Rubenstein argued the cause for the plaintiff-respondent.
Mr. Louis Santorf argued the cause for the defendant-appellant.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The record in this appeal discloses a rather unfortunate and tragic story of a marital breach that might well have been averted and, perhaps, may still be mended. It complements so many thousands of other such cases that go to make up the regrettable record of wrecked marriages and broken homes. In the circumstances here, where we find a nice young couple, with a three-year-old child, it is especially unfortunate  particularly for the child. But, as Judge Jayne stated in In re Rogers' Estate, 30 N.J. Super. 479, 481 (App. Div. 1954), one of his many excellent opinions:
*286 "However judges are not expected to be pulpiteers, and it is law in relation to facts rather than sentimentality that must guide the administration of justice in our courts."
At the time of their marriage on September 25, 1949 the parties were both approximately 23 years of age. They lived together only for four months and two days, when the wife separated from her husband. On April 12, 1950 she filed a complaint seeking separate maintenance, charging that she had been compelled to leave because of his extreme cruelty. The breach that occurred upon their separation appears to have been widened by the ensuing litigation and as the litigation progressed, all prospect of reconciliation waned. Mrs. Canova was with child at the time of the separation, who was born on July 3, 1950, and has been continuously in the custody of her mother.
At the hearing of her original complaint Mrs. Canova sought to establish her right to maintenance on the basis of her charges of extreme cruelty and was permitted, over objection, to introduce evidence of her attempts to effect a reconciliation with her husband and his rejection thereof.
At the conclusion of the hearing the Chancery Division held that Mrs. Canova had left her husband without cause; that there was no evidence that she had been guilty of any matrimonial offense, but there was convincing evidence that she had made sincere overtures to effect a reconciliation, which were rejected by him, and that the husband's conduct constituted an abandonment of his wife in March 1950, and that he had refused and neglected to maintain and support her and their child.
On the defendant's appeal the Appellate Division reversed the judgment on the ground that it was erroneously entered on a claim of which the defendant was not apprised, without any amendment of the pleadings, and with no opportunity given defendant to prepare and present such defense as he might have to the claim introduced for the first time at the trial. The cause was remanded to the Chancery Division to permit Mrs. Canova to file an amended complaint and to afford the defendant an opportunity to file an answer thereto *287 and "to show cause why a judgment in favor of the wife for separate maintenance should not be granted upon the evidence already adduced and upon such additional evidence as either party may desire to introduce."
On the remand, the amended complaint was filed and the defendant filed his answer thereto as well as a counterclaim seeking an absolute divorce on the ground of desertion.
Thereafter, at the hearing, both parties testified quite extensively pertaining to their respective overtures to effect a reconciliation. The only corroborative testimony offered by either party was that of one Sigmund Heuber, a friend of the husband, whose evidence tended to corroborate one incident when the husband testified that he stopped his wife on the street after she had alighted from a train and asked her to return. She is alleged to have said "No, not under any conditions."
We have carefully scrutinized the record and it convincingly appears that the issue turns solely on the question of the credibility of the parties. It was the conclusion of the trial judge that the preponderance of the credible evidence rested on the side of the plaintiff and, accordingly, he held that after she had left her husband without any justifiable cause, she had borne the burden of proving that she had sincerely made overtures to her husband to effectuate a reconciliation and that her husband rejected them. In other words, the effect of the trial judge's determination was that her story was credible, but Mr. Canova's story did not bear the mark of credibility. Under the rules, we are permitted, of course, to make new or amended findings of fact, but are cautioned to give due regard to the opportunity of the trial court to judge of the credibility of the witnesses. As stated by Mr. Justice Wachenfeld, in Capozzoli v. Capozzoli, 1 N.J. 540, 543 (1949):
"The question of credibility is pre-eminently one for the Advisory Master to decide in cases of this kind. Grewe v. Grewe, 138 N.J. Eq. 296 (E. & A. 1946). On appeals from decrees in the old Court of Chancery great weight is given to the finding upon questions of fact made by the court below because it hears the case, sees and *288 observes the witnesses and hears them testify and has better opportunities to judge their credibility than the reviewing court. Cartan v. Phelps, 91 N.J. Eq. 312 (E. & A. 1920)."
We are satisfied that the findings and conclusions of the Chancery Judge are reasonably consistent with the evidence.
Criticism by the defendant is directed at his wife's failure to offer corroborative proof of her overtures and his rejection thereof. While such proof is desirable when available, it is not an absolute essential to support a maintenance action and relief may be afforded on the wife's testimony alone, if it be credible and convincing. Gerhold v. Gerhold, 109 N.J. Eq. 634 (E. & A. 1932); Pinkinson v. Pinkinson, 92 N.J. Eq. 669 (E. & A. 1921); Shore v. Shore, 96 N.J. Eq. 661 (E. & A. 1924).
The rule of law that if a wife, not having been guilty of a matrimonial offense, leaves without cause, as here, thereafter repents and offers in good faith to return, she is entitled to maintenance if her husband refuses to take her back and neglects or refuses to support her, is well established. Herr, Marriage, Divorce & Separation (2d ed.), sec. 309, p. 286; Cory v. Cory, 11 N.J. Eq. 400 (Ch. 1857); Parker v. Parker, 57 N.J. Eq. 577 (Ch. 1899); Taylor v. Taylor, 73 N.J. Eq. 745 (E. & A. 1908); Venere v. Venere, 137 N.J. Eq. 526 (E. & A. 1946).
The Chancery Division dismissed the defendant's counterclaim for an absolute divorce on the ground of desertion, holding that he had not borne the burden of proving that his wife's desertion was obstinate. With that finding, we are in accord. Of course, in view of our concurrence in the Chancery Division's judgment in favor of the appellant on the maintenance action, the defendant's counterclaim would automatically fall.
Adverting to the opening paragraph of this opinion, we make reference now to a colloquy between a member of the court and counsel for Mrs. Canova. Apparently impressed with the unfortunate and regrettable situation in which the parties now find themselves, the judge stated, in substance, his sense of regret that the marriage appeared to be on the *289 rocks and posed the question whether even at this late date the possibility of a reconciliation might not be explored and perhaps effectuated. Mrs. Canova's counsel stated that she would welcome a reconciliation, as she still loved her husband; in fact, she was present in court and would be glad to confirm counsel's statement. However, there was no answering comment offered by counsel for the defendant. Of course, there was no duty at this juncture of the proceedings devolving upon the defendant to have replied in any way to the suggestion. Nor have we permitted this incident to influence us in any manner whatsoever in our determination of the issues.
The judgment of the Chancery Division is affirmed in its entirety.