MARGARET WALSH, complainant-respondent,

*v.*

JOHN E. WALSH, defendant-appellant.

[Argued June 20th, 1917.   Decided November 19th, 1917.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, who filed the following opinion:

The evidence in this suit fully establishes the fact that defendant's conduct toward his wife has been such as to deny to him the right to now require her to share his home.

In this state to justify a wife in leaving her husband's home or in refusing to share the home of his selection on account of his cruelty, physical violence need not be shown, but such conduct of the husband must be shown as will reasonably convince the court that at or prior to the time of their separation her life or health was in danger, or that her life was by his conduct rendered one of such extreme discomfort and wretchedness as to incapacitate her to discharge the duties of a wife; or that the conduct of the husband, if continued, would have brought about those conditions.   Unless complainants and the several children of the

marriage who have testified in her behalf have willfully and deliberately testified to falsehoods touching defendant's conduct the very conditions above suggested existed in defendant's home at the time of the separation. I am unable to doubt the truth of their statements and am equally unable to believe the denials of defendant.

A review of the testimony seems unnecessary. Much of defendant's misconduct may be attributed to the influence of alcohol and his dissatisfaction with some of his children and their presence in his home; but that fact affords no justification for his misconduct. I am convinced that the children fully believed that their presence in the home was necessary for their mother's safety, and I share with them that belief.

It follows that an order must be made compelling defendant to contribute to complainant's support.

In making an order of that nature I believe it to be the duty of a court to carefully limit the order to the demands of necessity as discerned by the condition and station in life of complainant and the ability of defendant to pay. An order for an amount calculated to render separation attractive to complainant is, in my judgment, unwarranted by a statute that favors cohabitation and contemplates only suitable support and maintenance during the period of separation. Complainant has some means of her own; defendant's income is limited. At this time complainant is occupying a property owned by defendant and is paying no rent. I will advise an order for the payment of $10 per week. In the event of complainant being denied the occupancy of the property where she now lives the amount may be suitably increased. Complainant's solicitor may be allowed a counsel fee of $100.

*Mr. Linton Satterthwaite* (*Mr. John T. Van Cleef*, on the brief), for the appellant.

*Mr. Peter Backes,* for the respondent.

PER CURIAM.

This is a suit by a wife for maintenance under the statute. The vice-chancellor advised a decree for complainant. The case

turns on findings of fact alone, and after a full examination of the evidence, we conclude that it is adequate to support the decree made, which will therefore be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, WILLIAMS—10.

*For affirmance*—None.