EDNA B. FLAVELL, complainant,

*v.*

WILLIAM WATSON FLAVELL, defendant.

[Decided March 30th, 1935.]

Mr. *John Trier,* for the complainant.

Mr. *Andrew J. Steelman,* of Messrs. *Lindabury, Steelman, Zink & Lafferty,* for the defendant.

GROSMAN, A. M.

This matter presents itself on exceptions to the report of the master to whom it was referred to ascertain and report the needs of the complainant, the assets and income of the defendant, as well as the financial condition of the respective parties. The report indicates that the complainant has an independent income of $800 per year; that the defendant, since the separation, has come into an inheritance amounting to approximately $110,000; that his income is approximately $6,000 per year and that in his opinion, the complainant requires the sum of $2,200 for her support and maintenance. To this report both parties have excepted, the complainant objecting to the master's recommendation as being inadequate, while the defendant contends it is excessive.

The parties were married on December 25th, 1921, and lived together at Deal Beach and Bradley Beach, Monmouth county, in this state, until May 6th, 1932, when the defendant went to Reno, Nevada, where, on August 9th, 1932, he obtained a decree of divorce. For some considerable time thereafter the complainant was apparently satisfied with the situation. On December 8th, 1933, the defendant's father passed away and he thereupon came into his inheritance. Following this, on January 18th, 1934, some eighteen months after the Reno decree was obtained, she initiated a suit for separate maintenance in this court and prayed that the Nevada decree be nullified. To this relief complainant is entitled and I so indicated upon the conclusion of the final hearing. The parties were unable to agree upon the alimony and thereupon at their request, the matter was referred to a master so as to afford both sides an adequate opportunity to ascertain the wife's needs and income and the husband's faculties.

During the eleven years of their married life, the parties lived very humbly. If anything, the complainant was more advantageously situated financially than the defendant. Her testimony before the master indicates that about the time of the separation, $20 per week was sufficient to maintain both her and her husband, there being no children of the marriage. She states that this sum did not include certain items, such

as coal. Everything considered, $30 per week was more than sufficient to maintain complainant and defendant, prior to the separation according to their standard of living. In view of this fact, the question that presents itself is how much is the complainant entitled to receive for her individual needs. If we are to be guided entirely by the complainant's testimony, she requires the sum of $44 per week for this purpose. Why she should require an allowance approximately fifty per cent. greater for her individual needs than was necessary for the maintenance of both herself and her husband, prior to the separation, does not satisfactorily appear except it be upon the theory that the husband's inheritance justifies it. On an issue of this nature, the husband's faculties are not the sole criterion for the fixing of an allowance. We must necessarily take into consideration the wife's requirements as indicated by her style of living prior to the separation. Generally, she is entitled to be supported and maintained on the basis of the standard mutually adopted by the parties and found satisfactory while living together. She cannot take advantage of the separation to require her husband to support her on a more luxurious scale than she had been accustomed. True, in this case, we have the added factor that since the separation, the husband has come into an inheritance, but there is nothing in the law which requires that a husband who finds himself unable to live harmoniously with his wife and separates, is to be treated as a vanquished foe and stripped of his possessions. Consideration will, of course, be given to the husband's present financial worth but not to the degree contended for by the complainant. She is not entitled to an allowance of such nature as will enable her to obtain luxuries which prior to the separation were unthought of; nor will the allowance to be made be so great as to enable her to save money therefrom. She is entitled merely to a sum sufficient to presently maintain and support her in the manner which for the eleven years of her married life satisfied her, plus a modest added allowance based on her husband's increased affluence. The complainant contends that she is entitled to one-third of the defendant's income and that in addition thereto, consideration must be given to what the defendant

might earn if he applied himself to some gainful occupation. This, of course, is the general rule but it is not a rule of thumb to be followed blindly in every case. It is a standard adopted for the guidance of the court and may be disregarded or enforced as circumstances require. Each case must be dealt with upon its own merits. There is a marked distinction between permanent alimony allowed on divorce and the allowance made for separate maintenance. In the first instance, consideration must be given to the fact that by the decree, the wife loses all interest in her husband's property, while this result does not attend the entry of a decree for separate maintenance. The general rule applicable to allowances for maintenance is well stated by Vice-Chancellor Leaming, and affirmed by our court of errors and appeals, in *Walsh* v. *Walsh, 88 N. J. Eq. 368; 104 Atl. Rep. 821:*

"In making an order of that nature, I believe it to be the duty of a court to carefully limit the order to the demands of necessity as discerned by the condition and station in life of complainant and the ability of defendant to pay. An order for an amount calculated to render separation attractive to complainant, is in my judgment, unwarranted by a statute that favors cohabitation and contemplates only suitable support and maintenance during the period of separation * * *."

Considering the fact that the complainant and defendant while living together maintained themselves satisfactorily upon an allowance of approximately $30 per week; after giving due consideration to the husband's inheritance, I believe the complainant should be well able to maintain and support herself alone on $30 per week. Her personal income amounts to $800 per year. The defendant will be ordered to contribute the sum of $700 per year towards the complainant's maintenance. In addition thereto, the defendant will be directed to pay the master's fees, the amount of which, together with a suitable counsel fee to complainant's solicitor, will be fixed upon the entry of the decree.

The complainant's exceptions are overruled. The defendant's exceptions are sustained to the extent herein indicated. Submit a decree on notice.