6 N.J. Super. 102 (1950)
70 A.2d 177
MARIE JANE FRIEDERICH, PLAINTIFF-RESPONDENT,
v.
ALBERT FRIEDERICH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1949.
Decided January 5, 1950.
*103 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Joseph N. Braff argued the cause for plaintiff-respondent (Messrs. Braff & Litvak, attorneys).
Mr. Joseph J. DeLuccia argued the cause for defendant-appellant (Mr. Joseph Cappa, attorney).
*104 The opinion of the court was delivered by DONGES, J.A.D.
This appeal is from an order of the Advisory Master granting to the wife pendente lite support, counsel fees and costs.
On April 29, 1949, the plaintiff, Marie Jane Friederich, filed a complaint against her husband, the defendant, for separate maintenance. Simultaneously, she made an application for pendente lite fees and costs. This was denied because the parties were living in the same house and the Advisory Master felt there was no proof that defendant was not maintaining the same for both of them.
Shortly thereafter, plaintiff left the apartment because, as she stated in her supporting affidavit, the defendant made life unbearable. The defendant filed an answer denying the allegations of the complaint and also filed a counterclaim for divorce. Plaintiff then filed an answer denying the allegations of the counterclaim.
Thereafter, plaintiff again made application for pendente lite support and fees. In support of this application she filed an affidavit, in which she states that the defendant ordered her from his bed and refused to continue the marital relationship. She claims she left the apartment on May 20, 1949, because she could not stand her husband's conduct toward her. She also states that although he had previously given her $35 per week for household necessities, he cut this down to $25 on April 26, 1949, and since she moved out, he has refrained from giving her anything. She further states she is ill and cannot work.
The defendant's answering affidavit denies that he ordered her from his bed, but states that she left voluntarily, and, also that she left the apartment voluntarily. He further asserts that plaintiff has approximately $2,200 in the bank in her own name and is, therefore, not destitute. He also states that on April 27, 1949, she withdrew $315 from a bank account in the joint names of plaintiff and defendant. The plaintiff's affidavit does not deny this. Since the husband ceased payments on May 17, 1949, as stated in plaintiff's *105 affidavit, it is not unlikely that this money was used for her maintenance. In any event, it may be treated on final hearing.
Plaintiff says that this $2,200, which is in her name, was accumulated through the monthly checks she receives from the Government, because her first husband was killed while in the service. She says she is accumulating this money for the benefit of her six-year-old daughter by this former marriage, and, therefore, she is unwilling to use the money for her present purposes. Her affidavit states she is receiving $55.10 monthly from the Government.
The Advisory Master ordered the defendant to pay $25 per week as pendente lite support, and also to pay $150 counsel fees and taxed costs amounting to $60. The defendant appeals from this order.
In order to prevail in a suit for separate maintenance, a wife must show two elements; first that the husband has, without justifiable cause, abandoned her or separated himself from her; second that he has refused or neglected to maintain and provide for her. Dinnebeil v. Dinnebeil, 109 N.J. Eq. 594 (E. & A. 1932). It naturally follows that this rule would be as applicable to preliminary applications as to final hearings. See Acheson v. Acheson, 124 N.J. Eq. 12 (E. & A. 1938).
In the present case there is sufficient proof, by way of affidavit, to find that the defendant had neglected suitably to provide for his wife. Although at first he gave her $35 per week, he reduced this to $25 and has given her nothing since she left. A more difficult question in this case is whether the defendant has abandoned or separated himself from his wife so as to entitle her to the relief she seeks. The plaintiff left her husband. It is the duty of a wife to live with her husband at his home and to give him her services and society. From these obligations she is relieved only if she can show that the conduct of her husband was such as will reasonably convince the court that her life or health was in danger, or her life rendered one of such extreme discomfort and wretchedness as to incapacitate her to discharge the duties of a wife, or that the conduct of the husband, if continued, *106 would have brought about these conditions. Pinkinson v. Pinkinson, 92 N.J. Eq. 669 (E. & A. 1921). However, physical violence need not be shown. Walsh v. Walsh, 88 N.J. Eq. 368 (E. & A. 1917).
In order to determine whether the husband's acts in the present case were sufficient to justify the wife's leaving, the affidavits on both sides must be scrutinized. The plaintiff states that the defendant ordered her from his bed and refused to continue the marital relationship. She stated that she could not stand his "side remarks" and his "nastiness." Although the defendant has denied all this, we feel that the wife has shown she was justified in separating from her husband. We feel, therefore, that there has been an abandonment of the plaintiff by the defendant.
It must also be remembered that in this case the defendant filed a counterclaim for divorce. It is generally conceded that where a husband sues his wife for divorce she is entitled to alimony and counsel fees pendente lite, if she denies the matrimonial offense charged against her and is without means for support or for defending her husband's suit. Suydam v. Suydam, 79 N.J. Eq. 144 (Ch. 1911). This is as applicable where the wife is seeking to defend a counterclaim as it is if she were to defend an original suit. We feel that the plaintiff is entitled to pendente lite support and fees unless she is barred by virtue of the fact she has money in the bank.
While it is true that the court may, in its discretion, decline to award the wife alimony or maintenance pendente lite, if it appears that the wife is possessed of independent means adequate for her support, nevertheless, the court may inquire into the nature of the wife's property to determine whether such property can or should be disposed of for her support pendente lite. Even though the property may stand in the wife's name, as it does here, circumstances may justify its not being used by her. Plaintiff here states that the money in her account has been accumulated by virtue of monthly checks she receives from the Government. These checks are sent to her because her first husband was killed *107 in the service. She claims that this money is placed in the bank for the benefit of her child who is also the child of her deceased husband. We agree that this money should not be expended for the present purposes.
The order under review is affirmed.