ELIZA J. WESTERFIELD

*v.*

WILLIAM E. WESTERFIELD.

1. Alimony and counsel fees were originally allowed in divorce suits, because the wife was without other means of support, or of obtaining the money necessary to defray her expenses in the suit.

2. When the wife has sufficient separate property, the reason for giving her either temporary alimony, or money to defray her expenses in the suit, does not exist, and she is not entitled to either.

Westerfield *v.* Westerfield.

On petition, depositions and master's report.

*Mr. Theodore Ryerson,* for complainant.

*Mr. R. V. Lindabury,* for defendant.

VAN FLEET, V. C.

The bill in this case is filed for maintenance, under the twentieth section of the statute concerning divorces. The complainant is now before the court asking for alimony *pendente lite,* and counsel fees. The parties separated in 1867, and have never since lived together. The husband, since the separation, has contributed nothing to the support of his family. He went to Texas shortly after the separation, and remained there until about three years ago. His wife, in the meantime, has resided in this state, or in the state of New York. The parties have five children, four daughters and a son, all above the age of twenty-one years. The eldest daughter is married. Her father resides with her. The other daughters reside with their mother, and are supported by her. The son supports himself. The defendant is fifty-seven years of age, badly broken in health, and without business. On this motion, I think I am bound to find that he has an annual income of about $500. Since the institution of this suit, he has had sufficient property, judiciously managed, to produce an income of that amount. A large part of this property he has caused to be conveyed to the daughter with whom he resides. The wife has an annual income of $1,400. Her actual income may exceed the sum just named; whether it does or not, the complainant has not informed the court. She has not submitted herself to examination as a witness.

There can be no doubt that it is the duty of a husband to support his wife. This duty flows out of the marriage contract, and does not at all depend on the wife's means or want of means. The husband's duty is the same, in this respect, whether his wife has property or not. And it is equally clear that if the husband refuses to perform this duty, by abandoning his wife, or separating himself from her, and refusing or neglecting to maintain and

Westerfield *v.* Westerfield.

provide for her, this court may compel him to furnish suitable support and maintenance for her. But the court cannot give such relief to the wife until the husband has had his day in court, and been afforded an opportunity to contest her proofs and submit his own.

An application for alimony *pendente lite* stands now solely on the ground of necessity. Originally such allowances were made, in divorce suits, almost as a matter of course. At common law, by the marriage contract, the husband acquired complete control over all property owned by his wife at the time of the marriage, or which she might acquire during coverture. In such a state of affairs, unless the court required the husband to support his wife, and to furnish her with the means of prosecuting her suit or defending his, she would be left, during the litigation, both destitute and defenceless. She was, therefore, in almost all cases regarded as a privileged suitor, who had a right to call upon her adversary for both support and the means required to carry on the litigation on her part.

But she now occupies a much higher position in respect to property rights. She may now acquire and hold property as if she were a single woman, and may bind herself, by contract, in the same manner and to the same extent that she could if she were unmarried, except she is not qualified to enter into a contract of suretyship. The reason upon which the old rule was founded no longer exists, and when the reason of the law ceases, the law itself ceases. *Cessante ratione legis, cessat ipsa lex.*

The doctrine that a wife is not now of right, and independent of the fact that she has a sufficient separate estate, entitled to temporary alimony, is as well supported by authority as it is by reason. Chancellor Williamson, in *Marker* v. *Marker, 3 Stock. 256*, after stating the general rule that in actions for divorce the wife is a privileged suitor and entitled to counsel fees and alimony, says : " The rule originally rested upon the principle that the husband having by the marriage contract the control of the wife's property, she was destitute of the means of her own protection. The statute has changed the common law, and secures to the wife the ownership and disposition of property she may

Westerfield *v.* Westerfield.

have at her marriage, or may acquire afterwards. When the wife is a suitor in court, the question will be, whether she has property independent of her husband, and the court will exercise its discretion in the allowance of alimony and costs, having reference to the respective pecuniary circumstances of the husband and wife." Mr. Bishop, in the second volume of his treatise on Marriage and Divorce, at section 394, says: "When the wife has sufficient separate property, the reason for giving her either temporary alimony, or money to defray her expenses in the suit, does not exist, and she is not entitled to either." And Judge Rapallo, in delivering the judgment of the court of appeals of New York, in a recent case, says: "If the wife has sufficient means of her own, temporary alimony is not allowable. * * * The fact that a wife is destitute of means to carry on her suit and to support herself during its pendency, is as essential as any other fact, to authorize the court to award temporary alimony. This is not a mere matter of discretion, but a settled principle of equity." *Collins* v. *Collins, 80 N. Y. 1.*

It is plain, I think, if the rule just stated is applied, that this application must be denied. The wife has nearly three times the income her husband has. Her income is quite sufficient to afford her a comfortable support, and also to pay such legal expenses as it will be necessary for her to incur in the prosecution of her suit. There is, therefore, no necessity whatever that she should have additional aid. Besides, it appears that the wife has been very tardy in asking relief. She and her husband have been apart for over fourteen years; during that time she has supported herself; her wants or necessities are not shown to be greater or more pressing now than at any previous period—it would rather seem that they are less; if, therefore, her application is denied the court simply leaves her, until the termination of her suit, in the same condition in which she has voluntarily remained for the last fourteen years. The application must be denied