Court of Chancery—Parker v. Parker.

---

BESSIE ANDERSON PARKER, complainant,

*v.*

HARRY L. PARKER, defendant.

[Submitted October 9th, 1924. Determined October 21st, 1924.]

**Divorce—Alimony Pendente Lite—Wife Insists on Living at Some Other Place Than That of the Residence of the Defendant—Husband Has Right to Require that Wife Receive Her Support in His Home, Unless by His Conduct He Has Lost that Right.**

On bill for maintenance.

*Mr. Joseph B. Perskie* and *Mr. Willis T. Porch,* for the complainant.

*Mr. Emerson L. Richards,* for the defendant.

INGERSOLL, V. C.

This is an application for alimony *pendente lite.*

Most voluminous affidavits have been filed. While it is clear that the wife is unable, because of ill-health, to perform any duties as a wife, and there is testimony that the seashore is not a suitable residence for her, I am satisfied that the motion must be denied, and the bill for maintenance brought to a final hearing. The wife insists on living at some other place than the residence of the defendant, although he offers her a home with him.

In *Barefoot* v. *Barefoot, 83 N. J. Eq. 685,* the court said: "The law requires a husband to support his wife. It is his right to require her to receive that support in his home as his wife, unless he has lost that right by his conduct. It is only when he desires her presence in his home that her pres-

ence in that home can be made a condition precedent to his obligation of support."

It also appears that the wife has sufficient property to support herself. This is sufficient to deny alimony *pendente lite*. *Westerfield* v. *Westerfield, 36 N. J. Eq. 195.*

The motion for alimony *pendente lite* is denied, but, should the cause be referred to me, I will designate a very short day for the hearing.