HELEN LAFFERTY MCPHERSON, petitioner,

v.

WILLIAM BOYD MCPHERSON, defendant.

[Decided December 22d, 1930.]

*Messrs. Thompson & Hanstein,* for the petitioner.

*Mr. J. Roy Oliver,* for the defendant.

INGERSOLL, V. C.

The testimony is that the defendant was a farmer and dairyman, conducting said business on property owned by his wife. Petitioner testified that she assisted her husband in the conduct of said business, not only, as she expressed it, "doing the work of two hired men," but also acted as banker, conducting most of the financial part of the business. The husband insists that he was ordered from the premises. He has disposed of his stock of cattle at prices much below the true value. It is needless now to determine whether or not such disposition was for the purpose of avoiding payment of alimony to his wife.

It is also true that a mortgage upon the premises is now being foreclosed, but it must be noted that the complainant is the brother or brother-in-law of the petitioner. The court cannot help but believe that this foreclosure is proceeding with the consent of the petitioner.

The only testimony concerning the health of the petitioner is hers, when she testified that she was doing the work of two men, but that her health was not good now.

Without determining any other question, alimony *pendente lite* at the present time will be refused. *Verbeeck* v. *Verbeeck, 93 N. J. Eq. 17,* opinion by the present chancellor, then vice-chancellor, which is most illuminating upon the subject: "If the wife has sufficient separate property, the reason for giving her either temporary alimony or money to defray her expenses in the suit does not exist, and she is not entitled to either." *Westerfield* v. *Westerfield, 36 N. J. Eq. 195.* See, also, *Suydam* v. *Suydam, 79 N. J. Eq. 144.*