FANNIE KIRSHBAUM, petitioner-appellant,

*v.*

IRVING KIRSHBAUM, defendant-respondent.

[Submitted February term, 1939. Decided April 21st, 1939.]

*Mr. Benjamin M. Ratner (Mr. Milton S. Goldberg,* of counsel), for the appellant.

*Mr. Louis R. Freund,* for the respondent.

PER CURIAM.

The order under review is reversed, on the authority of *Parmly* v. *Parmly, 125 N. J. Eq. 545.*

On January 19th, 1933, there was a decree *nisi* for divorce in favor of the wife. Jurisdiction over the defendant was acquired by service substituted for personal service.

On December 7th, 1934, after the entry of the final decree, the divorced wife filed a petition for permanent alimony. Defendant was not then within the jurisdiction of the court, but he appeared by his solicitor; and the result was that an order was entered on the same day directing him to pay $10 per week for petitioner's support and maintenance, although the record shows that on the prior November 30th, the parties had entered into an agreement reciting that "disputes and controversies have arisen between the respective parties" regarding the payment of alimony and counsel fees, and providing, by way of composition, for the payment of $1,250 "in full and final settlement and adjustment of any and all claims which" the petitioner "now has or may have in the future against" defendant, "for alimony, maintenance, counsel fees or otherwise, past, present and/or future, * * *." The sum thus provided was to be paid in installments: $500 on December 1st, 1934, and $50 monthly thereafter until the balance was fully paid. The payments were made.

By an order entered on the same day, December 7th, 1934, on the advice of the advisory master, the provision thus made was decreed to be "suitable and beneficial to the petitioner, adequate for her support," and in "her best interests;" and it was also decreed that "all claims which the petitioner * * * may have against the defendant for alimony and maintenance, counsel fees and otherwise, whether now accrued or to accrue in the future, be and they hereby are to be deemed satisfied and discharged by the payment" of the sum so provided.

On March 29th, 1938, there was a further petition for permanent alimony. The petitioner alleged, *inter alia*, that the judicial sanction thus accorded the composition agreement was not preceded by due inquiry into the defendant's financial means; that the agreement "was unfair, inequitable and was not for her benefit," and therefore "not binding" but "subject to supervision or modification as the circumstances may require from time to time;" and that the petitioner was destitute and without means, and was "unable to engage herself in any gainful occupation or employment because" of "her physical condition." "Adequate alimony" was prayed.

There was a reference to a master to ascertain and report as to the truth of petitioner's allegation "that such agreement for settlement and decree entered thereon was obtained by fraud, and without an investigation of petitioner's needs and defendant's means;" and also to "ascertain and report the financial standing and status of said defendant for the period commencing December 7th, 1934, and ending December 7th, 1935." The special master reported that the petitioner had "failed to sustain the burden of proof of fraud;" that "the investigation of petitioner's needs at the time of the approval of the settlement" consisted of testimony by the petitioner "that she was childless, was able to take care of herself, and was satisfied to accept the settlement," and the court therefore had "before it sufficient evidence to ascertain petitioner's needs;" and that there was no inquiry whatever as to the defendant's means.

The advisory master concluded that the sole inquiry was whether the composition agreement was "obtained by fraud," and the court "imposed upon in approving" the agreement, and that there was "no reason * * * to disturb" the master's findings that "no fraud was practiced by the defendant upon the petitioner."

The advisory master unduly circumscribed the inquiry. It was not requisite that fraud be proved. The petition in essence pleaded destitution and prayed for support. As laid down in the cited case, petitioner invoked the continuing jurisdiction conferred by the statute (*R. S. 1937, 2:50-37*) upon the court of chancery to award alimony from time to time in consonance with the varying needs of the divorced wife. Moreover, it is to be noted that, as in the cited case, the inquiry which preceded the approval of the composition agreement was merely *pro forma*. Certainly, there was no investigation of the defendant's means. And on its face the provision thus made gives plain evidence of inadequacy.

The order is accordingly reversed, and the cause remanded for further proceedings in conformity with this memorandum.

*For affirmance*—PARKER, BODINE, JJ. 2.

*For reversal*—THE CHIEF-JUSTICE, CASE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.