23 N.J. Super. 409 (1952)
93 A.2d 211
CHARLOTTE M. SCHLUTER, PLAINTIFF-APPELLANT, CROSS-RESPONDENT,
v.
FREDRIC E. SCHLUTER, DEFENDANT-RESPONDENT, CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 16, 1952.
Reargued November 10, 1952.
Decided November 18, 1952.
*411 Before Judges McGEEHAN, JAYNE, and GOLDMANN.
Mr. Crawford Jamieson and Mr. Morris N. Hartman argued the cause for plaintiff-appellant (Messrs. Jamieson & Walsh, attorneys; Mr. Dougal Herr, of counsel).
Mr. Walter D. Van Riper argued the cause for defendant-respondent (Mr. Ellis L. Pierson, of counsel).
The opinion of the court was delivered by JAYNE, J.A.D.
A brief prefatory statement of the principal events arranged in a chronological order will best serve to display the subject matter of the present appeals.
The decree nisi dissolving provisionally the marriage between the parties to this action was made absolute by the entry of a final judgment on December 1, 1948.
Prior to the institution of this matrimonial action the parties under date of June 2, 1948, entered into a written agreement which contains the following recital of its object and purpose:
"WHEREAS, the parties desire to settle between themselves the incidental matters of alimony and custody, maintenance and visitation of the infant children of the marriage, provision for the establishment *412 and maintenance of a suitable home for the wife and children, and for the payment of costs and suit money incurred and to be incurred by the wife in the negotiations culminating in this agreement, and in the preparation and prosecution of said contemplated divorce suit, subject to the sanction and approval of the Court as to those items which by paragraph 10 hereof may be submitted for the court's approval."
A reproduction here of paragraphs 3, 9, and 10 of the agreement is informationally relevant:
"3. After the wife and children shall vacate the present home the husband will pay to the wife the sum of $250. per month as alimony, and the further sum of $750. per month toward the maintenance and support of the children and the maintenance of the new home at the standard deemed suitable with regard to their station in life (in addition to further provision for the benefit of the children as hereinafter provided), whether such home be temporary or permanent, such home or successive homes to be established and maintained for them by the wife as her and their home, said monthly allowances to be paid until the youngest child shall reach the age of 22 years, or if such youngest child shall not survive to reach the age of 22, such payments shall continue to and include the month of May, 1955. Said provision of $250. per month for the wife and $750. per month for the support of the children and for the maintenance of a home for them shall commence upon the date of the removal of the wife and children from their present home. The new permanent home, when acquired by the wife, shall be her sole and separate property.

* * * * * * * *
9. The wife agrees to proceed with the acquisition of land and the procurement of plans and specifications for a new house without delay and to proceed with the letting of contracts and the erection of the house without delay after the payment to her of $25,000. and the securing to her of additional payments of $50,000, as aforesaid.
10. The decree nisi shall, with the approval of the Court, contain the above provisions for $250. per month alimony and $750. per month for the maintenance of the children and for their education, and for their custody and visitation, and any other parts of said agreement, appropriate for inclusion in the said decree, which shall mutually be agreed upon."
The agreement itself was not submitted to or approved by the court, but references to the terms of it were made by the plaintiff in her testimony at the final hearing.
The following similar provisions, however, were incorporated in the decree nisi:
*413 "And it is further ordered, adjudged and decreed that defendant pay to petitioner in full satisfaction of all allowances and provisions for her support and maintenance and of defendant's obligation to furnish such support and maintenance a lump sum of $75,000. in instalments agreeable to the parties, final instalment to be paid on or before October 2, 1950, and regular monthly alimony payments of $250. per month, and the further sum of $750. per month toward the maintenance and support of the children."
The foregoing prelude should include the information that four sons were born of the marriage, who at the time of the making of the agreement were 21, 20, 19, and 14 years of age respectively and were all attending college or school away from home. By the terms of certain irrevocable trusts created in previous years by the defendant, an annual income of upwards of $5,000 was assured to each son upon his attaining the age of 21 years, and they were also the beneficiaries of additional trusts established by their maternal grandfather. It would also seem evident that each of the parties to this litigation possesses ample independent financial means. It sometimes seems that litigation is pursued only to experience a rapturous warmth from the heat of battle.
On April 27, 1950, the defendant served notice upon the plaintiff that on May 5, 1950, he would apply to the Superior Court, Chancery Division, for an "order modifying the terms of the decree entered insofar as they relate to the payment of the sum of $750 per month to the plaintiff herein for the maintenance and support of the children of the Plaintiff and Defendant." A reduction from $750 to $100 a month was sought. Two of the sons had by this time completed their education, married and established homes of their own.
Exhibits were submitted and oral testimony introduced at the hearings before the Advisory Master who, inter alia, ordered:
"5. That the terms of the said decree nisi (rendered absolute by the final judgment herein) be and the same are hereby modified to provide for payment by the defendant to the plaintiff of `the further *414 sum of $450. per month for maintenance and support of the children,' which said last mentioned sum shall be in lieu of the sum of $750. per month provided for in the above mentioned decree nisi, said modification to commence as of April 10, 1951.
6. That the sum of $5,500. be and the same is hereby awarded to Dougal Herr, Esq. and Crawford Jamieson, Esq., jointly, to be paid by the defendant as counsel fees in this matter, together with the sum of $567.23 for disbursements and that the defendant pay to the plaintiff or her attorney the sum of $222.99 necessarily disbursed by her in this matter, and the sum of $1,500. as compensation to the accounting firm of Rose and Berke for their services in this matter, together with their disbursements of $190.88."
The conclusions of the advisory master are reported in full in 17 N.J. Super. 496 (Ch. Div. 1951).
The plaintiff here challenges the propriety of the order in its entirety. The defendant appeals from those portions of the order which limit the reduction to $450 per month and which allow counsel fees and award compensation to the accountant.
In furtherance of his application for the modification of the terms of the decree, the defendant proposed two reasons: (a) that his income had decreased; and (b) a substantial change of circumstances had occurred with relation to the maintenance of the sons at the plaintiff's home. His failure to sustain the first mentioned ground is not doubted and it was not made manifest that the reduction was necessary to moderate any extreme burden upon his annual income. The modification now under review was advised in recognition of the transition in the situations of the sons.
Primarily, counsel for the plaintiff proposes that the court was without jurisdiction to grant the defendant's application for a reduction because the provisions of the decree were not in the nature of statutory alimony and maintenance. The insistence is that the payments ordered by the terms of the decree nisi were not in essence and purpose intended to provide for the reasonable support and maintenance of the wife and children but in reality were merely constituent covenants of a property settlement.
*415 It may be immediately acknowledged that the jurisdiction of Chancery in suits for divorce, nullity, or maintenance is purely statutory. Hervey v. Hervey, 56 N.J. Eq. 424 (E. & A. 1897).
Our statute ordained that even after a decree of divorce the court may make such order touching the alimony of the wife, and also touching the care, custody, education, and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable, and just, and that orders so made may be revised and altered by the court from time to time as the circumstances may require. R.S. 2:50-37; see now N.J.S. 2A:34-23.
The evidence discloses that it was not intended by the parties to present the agreement itself to the court for approval in its entirety. However, it is observed in the preamble of the document that although the parties desired "to settle between themselves" certain specified matters, yet it was contemplated that "subject to the sanction and approval of the court" those items mentioned in paragraph 10 thereof might be submitted to the court. A glimpse at paragraph 10, hereinbefore set forth, reveals the intention that pursuant thereto and with the approval of the court the "provisions for $250. per month alimony and $750. per month for the maintenance of the children and for their education, and for their custody and visitation" should be included in the decree nisi.
The action of the parties in accomplishing with the approval of the court, as contemplated, the incorporation of the contractual provisions for alimony and for the maintenance of the children in the decree must, we believe, be deemed to have been taken in view of the aforementioned statutory power to revise and alter such provisions. The statute is, by implication, a part of such decrees.
The circumstances existent in the present case that the agreement was never approved by the court and that the parties desired the particular provisions of the agreement *416 pertaining only to the payment of money for alimony and the support of the children to be merged in the decree nisi are of paramount legal significance and decisive adversely of the primary contention of the plaintiff.
It will suffice to state that where such contractual provisions were, as contemplated by the parties, incorporated in the decree, they thereby became merged in the decree so entered and thereupon lost their contractual nature, at least to the extent that the court by virtue of the jurisdiction conferred upon it by statute has the power to alter, modify, and revise the decree, upon the application of either party, when a change of circumstances justifies such action. Corbin v. Mathews, 129 N.J. Eq. 549 (E. & A. 1941). See incidentally, Halstead v. Halstead, 74 N.J. Eq. 596 (Ch. 1908); Polyckronos v. Polyckronos, 17 N.J. Misc. 250, 8 A.2d 265 (Ch. 1939); Parmly v. Parmly, 125 N.J. Eq. 545 (E. & A. 1939); Kirshbaum v. Kirshbaum, 125 N.J. Eq. 558 (E. & A. 1939); Rufner v. Rufner, 131 N.J. Eq. 193 (E. & A. 1942); O'Hara v. O'Hara, 137 N.J. Eq. 369 (E. & A. 1945); Acheson v. Acheson, 24 N.J. Misc. 133, 46 A.2d 817 (Ch. 1946); Annotations, 109 A.L.R. 1068; 166 A.L.R. 676.
We will not omit to say, however, that although such an agreement entered into voluntarily and in good faith is not controlling, in the consideration of an application of this nature it is nevertheless evidentiary. Apfelbaum v. Apfelbaum, 111 N.J. Eq. 529 (E. & A. 1932). The advisory master did not ignore it in the present proceedings.
Resolving therefore that the court under the existing conditions possessed the jurisdictional power to entertain the defendant's application for a modification of the decree, we come to the conclusion upon our examination of the evidence that his determination derived from the exercise of judicial discretion was adequately warranted by the proofs. We are accordingly not inclined in the absence of any cogent reason to discompose his conviction.
*417 Anent the point that the defendant was in arrears in the payment of the sums specified in the decree at the time of his application, consult Ramhorst v. Ramhorst, 138 N.J. Eq. 523, 526 (E. & A. 1946).
Lastly, we express our conclusions concerning the allowances directed to be paid by the defendant to the plaintiff for the services and expenses of her accountants and of her counsel.
The fictitious allegation of the defendant that his income had decreased occasioned the application of the plaintiff for an order authorizing the examination of the books of account of the defendant by an accountant of the plaintiff's choice. Incidentally the entry of the desired order was consented to by counsel for the defendant. The allowance to the accountants for services and expenses is sustained.
The plaintiff has a substantial independent estate of her own and an admitted net annual income of at least $17,000. Where in these matrimonial controversies it appears that the wife has ample financial ability to defray the fees and expenses of her own counsel, the need for an allowance to her for such expenses does not exist and it is not ordinarily justifiable. Marker v. Marker, 11 N.J. Eq. 256 (Ch. 1856); Westerfield v. Westerfield, 36 N.J. Eq. 195 (Ch. 1882); Suydam v. Suydam, 79 N.J. Eq. 144 (Ch. 1911); Verbeeck v. Verbeeck, 93 N.J. Eq. 17, 21 (Ch. 1921); Parker v. Parker, 2 N.J. Misc. 1052 (Ch. 1924); McPherson v. McPherson, 9 N.J. Misc. 4 (Ch. 1930); Annotation, 35 A.L.R. 1101. The allowance to the plaintiff of counsel fees and expenses is annulled.
Except as herein modified the order under review is affirmed.

ADDENDUM
Following the announcement of the foregoing decision, the petition of the plaintiff, Charlotte M. Schluter, for a rehearing was granted. Rules 1:4-8, 4:4-5. At the rehearing we were requested to reconsider (a) the denial of the *418 application of the plaintiff for an increase of alimony, (b) the assessment against the defendant of a larger portion of the charges of the accountant, and (c) the allowance to the plaintiff of the fees of her counsel.
We did not and do not now discover in the record before us any evidence to justify the allowance of any increase in alimony. In the absence of some proof in the present record establishing an equitable cause for a readjustment of the alimony, its denial was warranted.
The advisory master levied upon the defendant a charge of $1,500 for the services of the accountant, plus disbursements. His determination in that particular is not manifestly unfair, and we decline to contravene.
Naturally the allowances for the services and expenses of the accountant and counsel were at the prior argument subordinated to the discussion of the paramount issue. The rehearing devoted to a deeper reflection upon those features of the appeal has persuaded us that where, as here, a defendant of considerable financial resources has instituted a legal proceeding against his former wife alleging, inter alia, a fictitious claim which the former wife is required to resist and which the defendant does not abandon until the approach of the argument of an appeal, he should be required to defray at least the expenses incurred by the former wife in exposing in her defense the falsity of the adventurous claim. We conclude that the award to the plaintiff of counsel fees, disbursements and expenses admeasured by the trial judge should in the circumstances of the present case be affirmed.
Except as innovated by this addendum, our original opinion is in all other respects confirmed.
The order under review is affirmed.