**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0352-17T3

KATHLEEN L. GIBSON,

 Plaintiff-Respondent,

v.

ROBERT V. MILLER,

 Defendant-Appellant.

_____

    Submitted January 8, 2019 – Decided January 22, 2019

    Before Judges Hoffman and Geiger.

    On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Warren County, Docket No. FM-21-0304-17.

    Robert V. Miller, appellant pro se.

    Respondent has not filed a brief.

PER CURIAM

    Defendant Robert V. Miller appeals from an August 8, 2017 judgment of divorce terminating his marriage to plaintiff Kathleen L. Gibson. We affirm.

The parties were married in 1986 in a religious ceremony. No children were born of the marriage. Plaintiff had four children from a previous marriage. Defendant did not adopt any of plaintiff's children. Plaintiff's children are now adults. Plaintiff filed a pro se divorce complaint in March 2017 based on irreconcilable differences, N.J.S.A. 2A:34-2(i). Plaintiff only sought termination of the marriage; she did not seek alimony, equitable distribution, or other relief from defendant.

Defendant is an inmate at East Jersey State Prison, serving a sentence for killing a former girlfriend in 1989. He was convicted of first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2), and sentenced to life subject to a thirty-year period of parole ineligibility. His conviction and prison term were affirmed on direct appeal. State v. Miller, No. A-4138-92 (App. Div. Feb. 24, 1995).

After being served with the summons and complaint on April 29, 2017, defendant attempted to file an answer that was rejected by Family case management because his motion to proceed as an indigent was deficient. Default was entered against defendant. Defendant submitted an "opposition to divorce action." A subsequent motion for a fee waiver was denied because defendant failed to attach a certified copy of his prisoner's fund account.

Defendant was served with written notice that a default hearing would be conducted on August 8, 2017.

The trial court conducted a final hearing as scheduled. Defendant was not present for the hearing because he did not undertake the necessary steps to ensure his attendance. Plaintiff testified that irreconcilable differences existed for a least six months preceding the filing of the complaint and there was no reasonable prospect of reconciliation. She further testified she was a resident of Warren County when the cause of action arose and had lived there for ten years. The trial court found it had jurisdiction based on plaintiff's bona fide residence in New Jersey and that plaintiff had pleaded and proved a cause of action based on irreconcilable differences and granted a divorce. No other relief was granted. This appeal followed.

Defendant argues the default judgment should have been reopened in the interest of justice because the Superior Court lacked subject matter jurisdiction to dissolve a "freely contracted Christian marriage." Defendant contends the divorce violated the First Amendment. He claims that under "Catholic doctrine and the plain language of the Bible . . . marriage can <u>NOT</u> be dissolved by any earthly authority."

Notably, defendant does not contend plaintiff failed to prove irreconcilable differences eliminated any reasonable prospect of reconciling the marriage. He has withdrawn his claim to be recognized as a "parent" or "stepfather" by the New Jersey Department of Corrections. He does not seek alimony, equitable distribution, or other relief from plaintiff if allowed to contest the divorce. He only contests the authority of the court to grant a divorce because he was married in a religious ceremony.

Subject matter jurisdiction in divorce matters is purely statutory. Tatham v. Tatham, 429 N.J. Super. 502, 507 (App. Div. 2013) (citing Schulter v. Schulter, 23 N.J. Super. 409, 415 (App. Div. 1952)). "The Legislature has declared that the 'Superior Court shall have jurisdiction of all causes of action of divorce . . . .'" Ibid. (quoting N.J.S.A. 2A:34-8); see also N.J.S.A. 2A:34-10.

The First Amendment provides states "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Consisting of two separate but related clauses, "the Establishment Clause bars a state from placing its official support behind a religious belief, while the Free Exercise Clause bars a state from interfering with the practice of religion by its citizens." In re Adoption of E., 59 N.J. 36, 51 (1971) (citing Cantwell v. Connecticut, 310 U.S. 296, 303 (1940)). "The First

4

Amendment not only requires the state to be neutral between various religions, but between religion and non-religion as well . . . ." Id. at 52. However, "government action that infringes on religious beliefs is not necessarily unconstitutional." Id. at 55-56.

"[T]o pass constitutional muster, a law must have both a secular purpose and a secular effect." Aflalo v. Aflalo, 295 N.J. Super. 527, 537 (Ch. Div. 1996). Our divorce statutes satisfy those requirements. The statutory authority to grant divorces is neutral between various religions and between religion and non-religion. Therefore, the judgment terminating defendant's marriage does not offend the Establishment Clause or the Free Exercise Clause even if it conflicts with certain religious beliefs. See ibid.

Defendant has not demonstrated he has a meritorious defense to plaintiff's cause of action for divorce based on irreconcilable differences. "[T]he showing of a meritorious defense is a traditional element necessary for setting aside both a default and a default judgment[.]" Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:43-3 (2019). Therefore, any purported error in not granting defendant indigent status was harmless as he asserts no viable defense. Moreover, defendant did not file a Rule 4:50-1 motion to reopen the judgment. "The rule in New Jersey is that a direct appeal will not lie from a judgment by

A-0352-17T3

default." Haber v. Haber, 253 N.J. Super. 413, 416 (App. Div. 1992); see also Pressler & Verniero, cmt. 4.4 on R. 4:50-1.

Defendant's remaining arguments lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0352-17T3